(12 Misc. Rep. 565.)

### WILLIAMS v. BROOKLYN DIST. TEL. CO., Limited.

(City Court of Brooklyn, General Term.  May 27, 1895.)

MASTER AND SERVANT—LIABILITY TO THIRD PERSONS—WILLFUL ACTS.
　　Where defendant agreed to guard plaintiff's residence from burglars and thieves during a certain period, and for that purpose to employ honest and competent servants, defendant cannot escape liability for the act of the guard employed in breaking into the house, and stealing therefrom, by the rule that a master is not liable for the unlawful and willful acts of his servants.

Appeal from trial term.

Action by Percy G. Williams against the Brooklyn District Telegraph Company, Limited.  From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.  Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

Geo. H. Fearons, Rush Taggart, and J. Arthur Corbin, for appellant.

Jacobs & Butcher, for respondent.

OSBORNE, J.  Plaintiff, for a cause of action, alleged a contract between himself and defendant whereby defendant agreed to guard his property situated in his residence, No. 20 Eighth avenue, in this city, from burglars and thieves during the summer of 1891, and for that purpose to employ honest and competent servants to watch his premises; that defendant, in violation of this contract, employed a person to watch his premises who broke into and entered plaintiff's house, and stole property therefrom of the value of $316, which amount plaintiff sued to recover.  The defense was a general denial. Plaintiff obtained a verdict, and from the judgment entered thereon, and from the order denying a motion for a new trial, this appeal is taken.

The evidence submitted by plaintiff went to show that defendant employed one Burg as a watchman to look after plaintiff's premises; that Burg feloniously entered plaintiff's premises, and stole property therefrom; that Burg was arrested for the theft, and it appeared soon after that he was an ex-convict.  The learned trial judge, in a charge that was not excepted to, submitted three questions to the jury:  First. Did the defendant make the contract sued on?  Second. Did its watchman, Burg, steal the property in question while performing the duty of watchman?  Third. Did the defendant fail to exercise the care of reasonably prudent persons in selecting Burg as its watchman?  And the jury was charged that, if they found that plaintiff had made out these three propositions by a fair preponderance of evidence, he was entitled to a verdict.  That plaintiff maintained his cause of action is evidenced by the verdict in his favor.  At the close of the evidence, the learned counsel for the defendant moved for a nonsuit on 12 grounds, some of which were based on the alleged insufficiency of the evidence to prove the three questions of fact submitted to the jury as above stated, while the

others rested on the contention, stated in various forms, that defendant was not liable for the criminal acts of Burg done without its knowledge or assent, and outside of the line and scope of his employment. This motion was denied, and defendant excepted separately to the ruling of the court on each ground upon which said motion was made.

On the argument of this appeal, it is claimed, as ground for reversal, that the court erred in denying the motion for a nonsuit. In so far as any of the grounds urged in favor of granting the motion for a nonsuit related to the questions of fact in dispute, we think that those questions were properly left to the jury to determine, and we are of the opinion that the verdict was well sustained by the evidence, and that it should not be disturbed. On the other grounds stated for the motion, the authorities cited by the learned counsel for the appellant well sustain the general proposition that the master is not liable for the unlawful or willful acts of his servant done outside of his line of duty or the scope of his employment. But we do not think that this proposition is applicable to cases like the one before us. In the case at bar defendant contracted to perform patrol services about and watch plaintiff's premises, to prevent the entrance of burglars. It is well settled that, in a case where the party contracting commits the duty contracted for to another, he cannot shield himself from liability on the ground that he has committed his duty to another person, and that he never authorized that other person to do the particular act complained of. Having contracted to perform the duty, if he commits it to another, he does it at his peril. It is to be treated as his own act, and he is liable for whatever his agent or servant does, even though done contrary to instructions, willfully, or fraudulently. A familiar application of this principle is found in the obligation of common carriers of passengers. There the carrier assumes an obligation, not alone to carry its passengers safely, but impliedly also to exercise due care to protect them from the negligence and willful misconduct of those to whom the carrier has intrusted the duty. Wood, Mast. & Serv. § 321, and cases there cited. The same obligation also rests on a warehouseman, and, if his servants steal the property stored, he cannot shield himself on the ground that his servants acted outside of the scope of their duty. Jones v. Morgan, 90 N. Y. 4. Here the defendant, in the performance of its obligation, placed its servant in a position of trust and responsibility, and, by virtue of that position, the servant was afforded the opportunity, which he would not otherwise have obtained, of preying upon his master's patrons. Defendant employed Burg as one of its watchmen, and fitted him out with its distinctive uniform, which shielded him and his acts and movements from the scrutiny which an ununiformed person would not readily escape, and so gave him the opportunity to open and enter plaintiff's house without exciting inquiry or attention, and to steal therefrom. Plaintiff employed defendant to protect his property with the full knowledge that it could only act through its servants whom it employed for that purpose. Defendant was bound to exercise reasonable care in the selection of its servants, and, if it neg-

lects to do so (and the jury have here so found), it cannot now be permitted to plead, as an excuse for failing to do the very thing it was employed to do, that its servant was the guilty party, and that it has no concern with or responsibility for his unlawful acts, producing the very opposite result from that which it was employed to effect.

Judgment and order denying new trial must be affirmed, with costs.