395 So.2d 643 (1981)
Audrey Jones GRADY, Appellant/Cross-Appellee,
v.
Joseph Robert GRADY, Husband, Appellee/Cross-Appellant,
v.
MANUFACTURERS HANOVER TRUST COMPANY, Appellee.
No. 80-81.
District Court of Appeal of Florida, Fourth District.
February 25, 1981.
Rehearing Denied April 7, 1981.
*644 Foy B. Fleming and John P. Kelly of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellant/cross-appellee.
William H. Lefkowitz of Ruden, Barnett, McClosky, Schuster & Russell, Fort Lauderdale, for appellee/cross-appellant.
Wirth H. Koenig of Greenbaum, Wolff & Ernst, Miami, for appellee.
BERANEK, Judge.
This is an appeal from a declaratory decree action growing out of a dissolution of marriage proceeding. The parties, Mr. and Mrs. Grady, were married in 1952. On April 30, 1963, Audrey's mother executed a will. At the time the will was signed, Mr. and Mrs. Grady were married with minor children. The will executed by the mother of the wife provided in relevant part as follows:
SIXTH: All the rest, residue and remainder of my estate, wheresoever situate and whatsoever the same may consist of, including real, personal and mixed property, including stocks and bonds which shall be in my name or to which I may be entitled at the time of my death or thereafter, I do hereby give, devise, and bequeath unto MANUFACTURERS HANOVER TRUST COMPANY at 350 Park Avenue, New York 22, N.Y., IN TRUST, for the following uses and purposes:
To hold, manage, control, invest and reinvest the same with the authority hereinafter conferred upon it, and to pay the net income therefrom in quarter-annual payments to my daughter, AUDREY JONES GRADY, and her husband, ROBERT GRADY, during the lifetime of AUDREY JONES GRADY. At the death of my daughter, AUDREY JONES GRADY, this trust shall terminate and the corpus remaining in said trust at the date of the death of AUDREY JONES GRADY, together with the increment accrued thereon, shall be distributed and paid to the living issue of my daughter, AUDREY JONES GRADY, share and share alike. SEVENTH: For the purpose of executing the provisions of this, my Last Will and Testament, I hereby grant to my said trustee the following powers:
.....
To encraoch on the principal of said trust and pay such sums as it may deem advisable, in its discretion to AUDREY JONES GRADY and ROBERT GRADY for the purposes of their support, health and general welfare, taking into consideration the standard of living to which my daughter, AUDREY JONES GRADY is accustomed at the time of my death. NINTH: I hereby name, constitute and appoint my daughter, AUDREY JONES GRADY, to be the executrix of this, my Last Will and Testament, and I do hereby direct that my said executrix shall have full power and authority to sell, mortgage, and dispose of or deal in any way with my estate and the property contained therein in a manner which may seem to my said executrix to be to the best interests of said estate, it being my intention to vest full power and authority in said executrix and the right to exercise such power without any direction or authority of Court, and I do hereby expressly direct that my said executrix shall not be required to give bond.
Nothing is said in the will concerning the effect of a dissolution of the marriage between Mr. and Mrs. Grady upon the provisions of the trust. After the death of the mother-in-law, the income from the trust was paid to the husband and wife by the trustee for a number of years. Eventually, *645 the parties sought dissolution of their marriage and a declaratory decree regarding the effect of the dissolution on the trust. At the request of the parties the trial court considered the matter solely as a question of law and recited in the final judgment that the decision would be made as a question of law without the receipt of any parol evidence. The court concluded that the trust set forth in the last will and testament was clear and unambiguous and not subject to judicial interpretation or construction. The trial court then, in our opinion, proceeded to interpret the trust instrument by holding that upon dissolution of the marriage the former husband and wife would share equally in the income of the trust and that the trustee should pay the income of the trust in quarterly installments to be divided equally between the parties. Despite contrary statements, the court considered and apparently heavily relied upon parol evidence.
We conclude that the court erred in so ruling. Initially, the trust document discloses an obvious intention and overall purpose to benefit the daughter. Reading the instrument as a whole shows the structure of the trust was keyed to the daughter of the testatrix and that the husband was included only as an incident of the marriage. The income clause provided for a joint payment in the nature of a family unit payment. The trust instrument did not provide for a split payment as has now been ordered by the trial court. The trust terminated upon death of the daughter and the corpus was to be distributed to the children of the daughter. The husband received absolutely nothing under the will upon death of the daughter. The invasion of the principal clause provides that the guide for encroachment was the "standard of living to which my daughter, AUDREY JONES GRADY, is accustomed at the time of my death." This encroachment provision, if construed in accord with the ruling below, would require the trustee to pay equal sums to former husband and daughter to maintain the daughter's standard of living though the payments to husband would obviously have no effect on the daughter's standard of living. The trust provides such payments are to be for "their support, health and general welfare." This is consistent with a payment to the family unit rather than treatment as individual and separate beneficiaries. The daughter was also appointed the sole executrix of the mother's estate in the same instrument which created the trust. We conclude that the intent of the settlor was contrary to that found by the trial court. See In Re Estate of Wood, 226 So.2d 46 (Fla. 2d DCA 1969), cert. denied, 232 So.2d 181 (Fla. 1969). Also see Roberts v. Mosely, 100 Fla. 267, 129 So. 835 (1930).
The husband/appellee states his former mother-in-law had given large individual stock gifts to each of them and that she also gave him a 46-foot yacht, an extravagant present. Husband contends these gifts support the inference that decedent intended to benefit him in establishing the trust. He argues his mother-in-law had always been generous with him and urges this was reasonable because the wife was not the natural child of the decedent. Certainly the individual rather than joint stock gifts strongly support this position. We do not, however, choose to rely upon these gifts made before the settlor's death. The relevance of these arguments by husband escapes us in light of his strong position at trial that parol evidence was not to be considered. The answer filed by husband and his position before the trial court are diametrically opposed to his present appellate argument that "since she gave me stock and a yacht she obviously intended to make me an individual beneficiary of the trust." At trial it was asserted parol evidence should not be considered.
The trial court should not have relied upon this evidence as bearing on the settlor's intent while at the same time disavowing the need to consider anything outside the four corners of the document.
Appellee relies on State ex rel. Kuehmsted v. Hewitt, 103 Fla. 1177, 138 So. 778 (1932). Although relevant, we do not consider it controlling on the issues here presented. The Kuehmsted case held that *646 where a wife dies leaving a will devising property to her husband who is both named and described as "the husband" then he takes as a named beneficiary and the word "husband" is merely descriptive. Under the Kuehmsted rationale a divorce subsequent to a will does not affect a devise to a specifically named spouse. This rule has been effectively done away with by statute. Section 732.507, Florida Statutes (1979), formerly Section 731.101, Florida Statutes (1973), provides that dissolution of marriage voids a prior will as to the divorced spouse. We recognize that the statute is not technically applicable here since the devise in not between husband and wife, however; Kuehmsted can not be viewed as a binding precedent in view of this legislative change. Our review of the trust in question convinces us that the intent was to benefit the family unit rather than to make appellee a specifically named beneficiary.
We thus find error in the interpretation of the trust as indicated above. We also conclude the court erred in reserving jurisdiction regarding partition of certain jointly held real estate between the parties because there was no basis in the pleadings for this reservation of jurisdiction. The judgment below is reversed and the cause remanded for further proceedings which may include amendments[1] to the pleading and a further hearing including the presentation of evidence.
REVERSED AND REMANDED.
MOORE and GLICKSTEIN, JJ., concur.
NOTES
[1] Florida Air Conditioners Inc. v. Colonial Supply Co., 390 So.2d 174 (Fla. 5th DCA 1980).