401 So.2d 1322 (1981)
Stanley DOBER, M.D., Alan B. Cohen, M.D., and H. John Richmond, M.D., Petitioners,
v.
Julian WORRELL and Roselynn Worrell, His Wife, Co-Administrators of the Estate of Jason Worrell, a Deceased Minor, and Julian Worrell and Roselynn Worrell, Individually, Respondents.
No. 59608.
Supreme Court of Florida.
July 23, 1981.
*1323 Marjorie D. Gadarian of Jones & Foster, West Palm Beach, for petitioners.
David T. Price and Peggy J. Tribbett of Price, Byrne & Tribbett, Fort Lauderdale, for respondent.
OVERTON, Justice.
This is a petition to review a decision of the Fourth District Court of Appeal, reported at 384 So.2d 897 (Fla.4th DCA 1980). The issue is whether an appellant on appeal from summary judgment may raise for the first time an affirmative defense to the statute of limitations and have the appellate court remand to the trial court for repleading of the newly asserted defense.
In its opinion, the district court noted that "[t]here is considerable confusion among the authorities." We find conflict. See Forte v. Tripp & Skrip, 339 So.2d 698 (Fla.3d DCA 1976). We hold that failure to raise an affirmative defense before a trial court considering a motion for summary judgment precludes raising that issue for the first time on appeal.
In the instant case, respondents Worrell alleged medical malpractice and sued petitioner doctors for the wrongful death of their infant son. The doctors defended by answering that the applicable statute of limitations barred the claim. The respondents filed no responsive pleading to this defense. The trial court agreed that the limitations period barred the action and thereafter granted the doctors' motion for summary judgment. On appeal, the Fourth District Court analyzed the limitations question, determined that the trial court had properly decided it, and affirmed the summary judgment. In the appeal, however, respondents asserted for the first time that the period of limitations was extended because of the doctors' alleged fraudulent concealment of the facts surrounding the infant's death. Even though the record revealed that respondents had knowledge of the alleged concealment when initiating the suit, the district court determined that the cause should be remanded so that respondents would have an additional opportunity to amend their pleadings and assert the fraudulent concealment issue.
We agree with the district court in its construction and application of the applicable statute of limitations. That matter is not in issue here. The sole question for our determination is the appropriateness of the district court's remand after its affirmance of the summary judgment to allow for repleading of the affirmative defense not previously raised.
In other areas of the law we have previously held it inappropriate to raise an issue for the first time on appeal. For example, an appellate court will not consider *1324 issues not presented to the trial judge either on appeal from an order of dismissal, Lipe v. City of Miami, 141 So.2d 738 (Fla. 1962), or on appeal from final judgment on the merits, Cowart v. City of West Palm Beach, 255 So.2d 673 (Fla. 1971); Mariani v. Schleman, 94 So.2d 829 (Fla. 1957); Jones v. Neibergall, 47 So.2d 605 (Fla. 1950). We now add to this list and hold it inappropriate for a party to raise an issue for the first time on appeal from summary judgment.
This Court held in Landers v. Milton, 370 So.2d 368 (Fla. 1979), that a party seeking to toll the statute of limitations has the burden of proving and pleading the circumstances that in fact toll the statute. Florida Rule of Civil Procedure 1.100(a) is explicit: "[i]f an answer ... contains an affirmative defense and the opposing party seeks to avoid it, he shall file a reply containing the avoidance."[1] The instant record is clear that respondents, although aware of their affirmative defense before initial pleading, chose not to file a reply until appeal. This in effect waived the affirmative defense.
It is our view that a procedure which allows an appellate court to rule on the merits of a trial court judgment and then permits the losing party to amend his initial pleadings to assert matters not previously raised renders a mockery of the "finality" concept in our system of justice. Clearly, this procedure would substantially extend litigation, expand its costs, and, if allowed, would emasculate summary judgment procedure.
Respondents claim that our decisions in Roberts v. Braynon, 90 So.2d 623 (Fla. 1956), Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla. 1963), and Gold Coast Crane Service, Inc. v. Watier, 257 So.2d 249 (Fla. 1971), authorize the district courts to remand causes in which proper summary judgments have been entered for repleading on issues not previously raised.
In Roberts, this Court was attempting to harmonize the new pretrial conference rule, which allowed the trial judge to simplify issues by granting a summary judgment, with the new summary judgment rule and its notice provisions. The situation arose because "[a]fter pleadings were closed, a pretrial conference was noticed by the circuit judge, and thereafter a motion for summary judgment was filed by the defendant and set for hearing on the same day as the pretrial conference." 90 So.2d at 626. Although this scheduling left plaintiff with insufficient summary judgment notice time under then Florida Rule of Civil Procedure 1.16, the trial court granted the summary judgment under the pretrial conference rule. The plaintiff objected to the lack of sufficient notice. This Court said: "[b]ecause we have not previously attempted to harmonize pretrial procedure with summary judgment procedure, we are particularly solicitous of the rights of plaintiff-appellant in this case." Id. at 627. To prevent any prejudice which resulted from the insufficient notice period, the Court affirmed the summary judgment but did so without prejudice so that plaintiff could amend her complaint within a time set by the trial court.
In Hart Properties, the Court was making it clear that Florida trial courts had the authority under the summary judgment rule to treat summary judgments the same as granting a motion to dismiss. This Court expressly held that a trial court could grant summary judgment but allow the losing party a set period of time within which to amend his pleadings. We emphasize that this decision did not concern presentation of an issue for the first time on appeal because the trial court had already permitted the pleading amendment during the course of a jury trial.
We are aware that our decision in Gold Coast Crane Service, Inc. v. Watier does not conform to the views expressed in this decision, and, to the extent that it is inconsistent, we recede therefrom. We approve the *1325 decision of the district court to the extent it affirms the summary judgment of the trial court but disapprove that portion which remands for repleading of issues not previously raised.
It is so ordered.
SUNDBERG, C.J., and BOYD, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] An explanation of this rule and the requirement to plead a defense to the statute of limitations is explained fully in an article by Henry P. Trawick, Jr. See Trawick, To Reply or Not to Reply? 47 Fla.B.J. 702 (1973); see generally Florida Civil Practice Before Trial § 10.4 (3d ed. 1975); H. Trawick, Florida Practice & Procedure § 11-6 (1980).