BERANEK, Judge.
This complex litigation concerns the financial transactions surrounding the opening and closing of four restaurants in the Forum III building in West Palm Beach. The parties in this suit are Ecclestone, the former owner and building manager of Forum III, the various corporations which operated the four restaurants, and the individuals involved in the management and financial backing of these restaurants. The first restaurant to open in the Forum III was the First National Bar and Grill, managed by Phillip J. Romano. In order to finance this endeavor, its corporation, the First National Bar and Grill, Inc., executed a promissory note for $160,000 to the First State Bank of Lantana. Four individuals endorsed this note, Romano, William Lord, Paul Gaulden, and Charles McGraw. Harold Pohlad signed a separate guarantee in favor of the Bank as to any loans by the Bank to the corporation. The corporation also pledged personal property of the restaurant, such as the piano, furniture, dishes, glasses, silverware, freezers, stoves, kitchen utensils, and all other items necessary for restaurant operation, to secure the note. The restaurant was a financial failure and Ecclestone commenced eviction proceedings. A settlement was reached whereby Ecclestone cancelled the restaurant’s lease in return for a $35,-000 promissory note from Romano and a bill of sale conveying to Ecclestone all of the assets of the restaurant, including the personal property securing the note.
Subsequently, a new corporation, At The Forum, Inc., was formed and a second restaurant, Fisherman's Wharf, opened at the site. Ecclestone leased the personal property to the new restaurant with an option to purchase. No disclosure was made of the Bank’s security interest and no notice given of the transfer. A short time later, Eccle-stone sold Forum III to Forum III Associates and assigned At The Forum’s lease to the new owners. Fisherman’s Wharf also failed financially, and Lord Chumley’s Pub agreed to move in as the third restaurant. Forum III cancelled At The Forum’s lease and entered into a direct lease with Lord Chumley’s of West Palm Beach, Inc., in which Forum III Associates warranted title to both the building and the assets. When Lord Chumley’s failed, it sold the personal property lease to the Stutz Club which took over operation of the restaurant. The Stutz Club also failed financially. During these complex transactions, a default on the $160,000 note occurred. Pohlad paid off the Bank and took an assignment of the note and the security agreement.
Eventually, suit was filed. Plaintiff, Pohlad, as assignee of the $160,000 promissory note secured by the personal property, sued the maker of the note, First National Bar and Grill, Inc., and the four endorsers, Lord, Gaulden, McGraw, and Romano, for default in payment. Pohlad also brought suit against defendants, Ecclestone, Lord *1113 Chumley’s and the Stutz Club, for the wrongful detention of the personal property which secured the promissory note. Prior to trial, default judgments were entered against First National Bar and Grill, Inc., McGraw, and Gaulden for failure to answer. Defendant, Romano, was voluntarily dismissed because he could not be served with process. Lord answered and by way • of defense claimed his liability for costs and expenses was limited.[1] After an extensive non-jury trial, a judgment was entered which awarded Pohlad $108,948.91 against the defaulted defendants; $27,237.23 against these defendants and Lord; and $20,000 against Lord Chumley’s, the total amount to be recovered not to exceed $136,-186.14, plus interest.
On appeal, Pohlad contends that the trial court erred in awarding him only $27,237.23 as against the defendant, Lord, and in failing to award judgment against Ecclestone. Lord and Lord Chumley’s cross appeal. Lord claims the trial court erred in denying him credit for amounts he allegedly paid against the note. Lord Chumley’s asserts error in the court’s finding of $20,000 in waste. This latter finding related to Lord Chumley’s depletion in the value of the personal property securing the note.
As to Pohlad’s first argument, the award against Lord equaled one-fifth of the entire amount due on the note. The trial court expressly ruled Lord was entitled to a set-off under Section 46.011, Florida Statutes (1979). This statute provides for contribution among sureties, accommodation joint makers, and accommodation endorsers. Initially, we find that Lord did not rely on this statute in his answer and claim for a set-off, and thus the trial court erred in applying Section 46.011 in the absence of a basis in the pleadings. Furthermore, even if the statute had been properly pled, it would not have been applicable under the particular circumstances of this case. Lord contends that Pohlad and the other three individual defendants were equally responsible for payment of the promissory note. He relies on the fact that Pohlad gave a general guarantee to the Bank in a separate document. Lord argues the four persons signing the note and the fifth person who guaranteed the debts of the corporation are each equally liable for only one-fifth of the amount of the note. The note, however, speaks for itself. Lord, Romano, McGraw, and Gaulden signed the note as endorsers; Pohlad did not. The payee on the note, First National Bank of Lantana, assigned the note for consideration to Pohlad. Poh-lad was not a co-surety or accommodator with the other defendants within the contemplation of the statute for purposes of contribution. His obligation did not relate to the particular note signed by the other four endorsers. As the assignee/payee of the note, Pohlad could sue any or all of the endorsers for the entire amount of the note as each endorser was jointly and severally liable for the full amount. See Section 673.414, Florida Statutes (1979). We hold that the trial court erred in allowing a set-off and in not awarding Pohlad judgment against Lord for the entire amount. We take no position as to Lord’s rights against the other endorsers on the note.
As to Lord’s cross appeal, it is without merit. Lord claims credit for the various payments allegedly made in a series of complex transactions with Pohlad. The court found against Lord on these claims, which were basically fact questions, and cross appellant, Lord, has not demonstrated error.
Pohlad’s second contention is that the trial court erred in failing to award judgment against Ecclestone. As stated above, the promissory note was secured by tangible personal property. The property consisted of restaurant equipment and furnishings located in the restaurant at the Forum III. When the initial restaurant failed, Ecclestone purchased the personal property with knowledge of the security interest held by the Bank. Thereafter, the property was leased and sold a number of *1114 times. Pohlad asserts Ecclestone’s manner of dealing with the security property subjected Ecclestone to liability for various violations of the Uniform Commercial Code. However, Pohlad’s complaint was for wrongful detention of the property. He did not allege any applicable UCC violations, and, therefore, cannot argue these violations for the first time on appeal. Dober v. Worrell, 401 So.2d 1322 (Fla. 1981). Both parties gave conflicting testimony as to wrongful detention and waste and the trial court found as a fact that Ecclestone did not commit waste as to any of the property. The trial court’s finding was supported by competent, substantial evidence, and we find no error.
Lord Chumley’s cross appeals stating the trial court erred in finding that it destroyed, wasted, or lost a substantial portion of the personal property which secured payment of the note while the property was within its control. There was conflicting evidence of waste as to the property in question after the suit was filed, and we find no error in the trial court’s finding.
The judgment of the trial court is reversed as to Lord and remanded with instructions to enter final judgment against defendant, Lord, in the amount of $136,-186.14, plus interest. The judgment is affirmed in all other respects.
AFFIRMED IN PART; REVERSED IN PART.
GLICKSTEIN and HURLEY, JJ., concur.

. We are frankly unable to understand the nature of this defense as it relates to “costs and expenses.”