505 So.2d 35 (1987)
DON SUNTAN CORPORATION, etc., Appellant,
v.
TANNING RESEARCH LABORATORIES, INC., etc., Appellee.
No. 86-1063.
District Court of Appeal of Florida, Fifth District.
April 9, 1987.
David A. Vukelja of Moore, Wood, Simpson & Korey, Ormond Beach, for appellant.
John J. Upchurch of Leonhardt & Upchurch, P.A., Daytona Beach, and James R. McGibbon and Richard L. Robbins of Sutherland, Asbill & Brennon, Atlanta, for appellee.
*36 PER CURIAM.
In Tanning Research Laboratories, Inc. v. Don Suntan Corp., 482 So.2d 410 (Fla. 5th DCA), rev. denied, 491 So.2d 278 (1986), this court construed an agreement between the parties and reversed a judgment in favor of Don Suntan that was based on a different construction of the agreement. After our decision, on remand, Don Suntan moved to amend its complaint to assert new counts based on a new position to recover damages for breach of the agreement as construed by this court. Appellant appeals the trial court's denial of this post appeal motion to amend. We affirm.
In order to prevent later events in the trial court from circumventing or "mooting" the binding aspect of an appellate adjudication, the general rule is that once an appeal has been taken, the decision on appeal becomes "the law of the case," and, on remand, amendments to the pleadings cannot be made to present new and different issues of fact or law unless the appellate court in its opinion has authorized such amendments.[1] Our prior decision did not authorize any amendments to the complaint on remand. Therefore Don Suntan's motion to amend was properly denied by the trial court.
AFFIRMED.
ORFINGER, SHARP and COWART, JJ., concur.
NOTES
[1] See e.g. Coudry v. City of Titusville, 438 So.2d 197 (Fla. 5th DCA 1983); Grady v. Grady, 395 So.2d 643 (Fla. 4th DCA), rev. denied, 402 So.2d 610 (Fla. 1981); Florida Air Conditioners, Inc. v. Colonial Supply Co., 390 So.2d 174 (Fla. 5th DCA 1980). In rare instances, appellate courts authorize amendments on remand which are perceived to be necessary in the interests of justice and which will not circumvent the appellate decision. Such amendments, when permitted, should not permit circumvention of the appellate decision or prior valid adjudication in the trial court, should not be inconsistent or repugnant to the allegations in the original pleadings, should not change or abandon the nature of the issues framed by the pleadings, and should not introduce a new theory of recovery or defense not theretofore asserted. Florida Air Conditioners, Inc., supra.