ORFINGER, Judge.
Phrazer appeals the entry of a summary final judgment in its breach of contract action based on a title policy issued to it by appellee. Because the record supports the trial court’s determination that, as a matter of law, there was no breach of the title insurance policy as written, we affirm the judgment.
However, the record reveals that the appellants may have a cause of action against appellee as closing agent in the real estate transaction which resulted in the issuance of the title insurance policy.
On this appeal, Phrazer contends that appellee breached its duty as closing agent by permitting the transaction to close without assuring that Phrazer would have direct access to State Road 528 as the contract for sale and purchase specifically required, and then issuing its title insurance policy which does not insure that direct access is available. We do not find that this issue was raised by the pleadings or even considered by the trial court. It appears that appellant should have the opportunity to present this issue to the trial court.
We therefore affirm the summary final judgment on the issues framed in this breach of contract action, but we remand the cause to the trial court with directions that appellant be permitted, within a reasonable time, to amend its complaint to assert such claim against appellee for the alleged breach of its duty as closing agent as appellant may be advised. See, Don Suntan Corporation v. Tanning Research Laboratories, Inc., 505 So.2d 35 (Fla. 5th DCA 1987); Coudry v. City of Titusville, 438 So.2d 197 (Fla. 5th DCA 1983); Florida Air Conditioners, Inc. v. Colonial Supply Co., 390 So.2d 174 (Fla. 5th DCA 1980).
AFFIRMED and REMANDED.
UPCHURCH, C.J., and COWART, J., concur.