527 So.2d 211 (1987)
ARKY, FREED, STEARNS, WATSON, GREER, WEAVER & HARRIS, P.A., Appellant,
v.
BOWMAR INSTRUMENT CORPORATION, an Indiana Corporation, Appellee.
Nos. 86-1319, 86-2200.
District Court of Appeal of Florida, Third District.
December 8, 1987.
Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel D. Eaton, Miami, for appellant.
Hall, O'Brien & Cohen and Andrew C. Hall and Richard F. O'Brien, III, Miami, Kohn, Savett, Klein & Graf and Harold E. Kohn and Dianne M. Nast and Victor P. Barall, Philadelphia, Pa., for appellee.
Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
PEARSON, DANIEL S., Judge.
We reverse the judgment entered upon a jury verdict for the counterclaimant, Bowmar Instrument Corporation, against the appellant law firm, Arky, Freed, Stearns, Watson, Greer, Weaver and Harris, P.A., in this legal malpractice action.[1] Although we reject the law firm's claim that it was entitled to a directed verdict and thus judgment in its favor, we are persuaded that the law firm is entitled to a new trial because, in our view, the trial court's rulings deprived the firm of sufficient time to prepare an adequate defense to a claim  indeed, the sole claim upon which the trial of the counterclaim proceeded  first asserted by Bowmar only twelve days before trial.

*212 I.
In December 1984, Arky Freed sued Bowmar to recover fees for representing Bowmar in actions against Fidelity Electronics, Ltd., Inc. In May 1985, Bowmar filed a counterclaim alleging that Arky Freed had negligently represented it. The negligence specified in the counterclaim was, inter alia, that the law firm assigned as lead counsel to the case an attorney who was inexperienced in commercial litigation; allowed critical documents to be reviewed by paralegals who had not been sufficiently instructed; failed to obtain valuable information from other similar litigation in which Fidelity was involved; failed to take timely discovery depositions and associated outside counsel not familiar with the case to take discovery depositions; and failed to properly investigate and vigorously prosecute the case against Fidelity. Conspicuously absent from the counterclaim was an allegation  or even an allusion to an allegation  that would have apprised Arky Freed of the real thrust of Bowmar's claim: that the firm negligently failed to present a "cover" defense in the underlying action against Fidelity, that is, Arky Freed both ignored Bowmar's express instructions to present such a defense and negligently failed to prove that Fidelity could have and should have mitigated its damages by obtaining from another source the component parts which Bowmar had been unable to provide in a timely fashion. Indeed, it was not until February 1986  twelve days before the trial was to begin  that, in long-overdue answers to expert witness interrogatories, Bowmar disclosed that it intended to prove at trial, not the allegations set forth in its counterclaim, but, instead, Arky Freed's failure to raise a "cover" defense.
Arky Freed moved for a continuance on the obvious ground that it could not on such short notice adequately prepare to defend against this newly revealed claim.[2] Bowmar's response was a non sequitur: since Arky Freed had announced its readiness for trial on several occasions before the new "failure-to-present-a-cover-defense" claim was revealed, Arky Freed should be considered ready for trial now. The trial court denied Arky Freed's motion for continuance (and, not surprisingly, its motion to exclude all evidence relating to the belated claim) on the ground that Bowmar's claim was embraced within the "general complaint raised by the defendant in the counterclaim." The case went to trial, resulting in a jury verdict for Bowmar on its counterclaim.

II.
In defense of the trial court's ruling, Bowmar argues that the particularized factual allegations in its counterclaim were merely illustrative examples of its more general allegation that Arky Freed "negligently failed to be adequately prepared for trial." This general allegation, argues Bowmar, was sufficient to put Arky Freed on notice of Bowmar's claim that it had directed Arky Freed to present a "cover" defense and that Arky Freed negligently failed to do so. We disagree.
While it is true, as the law firm acknowledges, that formalistic rules of common law pleading have been replaced by the more liberal "notice pleading," it remains necessary in the setting of a legal malpractice case to plead more than the naked legal conclusion that the defendant was negligent. As this court declared in Kartikes v. Demos, 214 So.2d 86, 87 (Fla. 3d DCA 1968), "[w]e expressly reject [the plaintiff's] proposition that the allegations of a complaint against an attorney for malpractice need contain only legal conclusions rather than ultimate facts, as in certain types of automobile negligence actions." Accord Parker v. Gordon, 442 So.2d 273 *213 (Fla. 4th DCA 1983); Dillard Smith Construction Co. v. Greene, 337 So.2d 841 (Fla. 1st DCA 1976). See also Kislak v. Kreedian, 95 So.2d 510 (Fla. 1957) (conclusory allegations insufficient to state cause of action for breach of contract); Griffin v. Griffin, 463 So.2d 569 (Fla. 1st DCA 1985) (same; action for accounting and recovery of funds). See generally Dyson v. Dyson, 483 So.2d 546 (Fla. 1st DCA 1986); 40 Fla.Jur.2d Pleadings §§ 2, 32-33 (1982) (and decisions cited therein). Thus, the counterclaim failed to apprise Arky Freed of the operative fact that it was negligent in not presenting a "cover" defense, and, by its specification of other operative facts, led Arky Freed to reasonably believe  until twelve days before trial  that Bowmar's malpractice claim would be limited to these other facts. Smith v. Mogelvang, 432 So.2d 119, 123 (Fla. 2d DCA 1983).

III.
Far more difficult than the question of whether the trial court's judgment should be reversed  which we have now resolved in the law firm's favor  is the question of whether Arky Freed is, as it urges, entitled to a directed verdict and consequent judgment in its favor.

A.
Arky Freed contends that it is entitled to a directed verdict on the ground that Bowmar failed to prove any of the allegations of its counterclaim and instead proved a theory of legal malpractice not contained in its pleadings. The law firm argues that Dober v. Worrell, 401 So.2d 1322 (Fla. 1981), put an end to the practice of appellate courts authorizing the amendment of a complaint after reversal and remand,[3] so that, it is urged, when a judgment upon a matter entirely outside of the issues made by the pleadings is reversed, it necessarily follows that judgment must be entered for the successful appellant. Although it is indisputably true that "a judgment upon a matter entirely outside of the issues made by the pleadings cannot stand,"[4]Cortina v. Cortina, 98 So.2d 334, 337 (Fla. 1957), whether an appellant who succeeds in setting aside such an errant judgment is entitled to have judgment entered in its favor is, in our view, a separate question.
In Dober v. Worrell, the defendant-doctors raised a statute of limitations defense to a medical malpractice action. The trial court, agreeing that the doctors had conclusively shown that the action was limitations-barred, entered a summary judgment in their favor. On appeal, the plaintiffs argued for the first time that the doctors' alleged fraudulent concealment of the facts surrounding the deceased's death had extended the period of limitations, which had not yet run. The Fourth District Court of Appeal affirmed the summary judgment but remanded the case to allow the plaintiffs to amend their pleadings to assert their avoidance of the defendants' statute of limitations defense.[5] The Florida Supreme Court disapproved of the remand.
Dober, in our view, does no more than reject as making a mockery of the concept of finality a procedure which "allows an *214 appellate court to rule on the merits of a trial court judgment and then permits the losing party to amend his initial pleadings to assert matters not previously raised." 401 So.2d at 1324. Dober hardly precludes a party from amending its pleadings and having a new trial thereon where it has reasonably relied upon a favorable trial court ruling  later declared on appeal to be erroneous  that its pleadings embraced the matters which it proved at trial.[6]
What distinguishes Dober from the present case is that in Dober the losing plaintiffs  quite obviously not in reliance upon the trial court's ruling in the defendant's favor  simply failed to reply to the defendant's affirmative defense; here, in contrast, Bowmar, the losing party on appeal, presumably would have attempted to assert the matter in its initial pleadings but for its reliance on the trial court's favorable ruling that it had already adequately asserted the matter in its pleadings. Thus, in the present case, the trial court expressly addressed the question of whether Bowmar's "failure-to-present-a-cover-defense" claim was embraced within its existing counterclaim and validated Bowmar's contention that its claim was so embraced. Relying upon this ruling, Bowmar proceeded to trial with its pleadings as they were. By contrast, in Dober the trial court did not validate the claimants' position but instead ruled with the defendants that the claim was filed beyond the applicable limitations period. That ruling, rather than lulling the claimants into a state of well-being, should have produced the opposite result of impelling the claimants to reply to the statute of limitations defense and plead their avoidance of it. Dober, then, is not a reliance case and is therefore inapposite.

B.
To be sure, the draconian result urged by Arky Freed is arguably supported by the results reached in several cases in which the appellate court ordered that judgment be entered for the defendant upon a finding that the trial court should have directed a verdict for the defendant where the plaintiff pleaded one cause of action and proved another.[7] It does not appear in any of these cases, however, that the implications of the appellee's reliance upon the favorable trial court ruling  the denial of the defendant's motion for directed verdict  was addressed by the parties or considered by the appellate court. Instead, the cases declare without discussion that because the appellant should have received a directed verdict in the trial court, judgment for the appellant should be entered upon reversal of the trial court's judgment for the appellee.
The flaw of Arky Freed's argument is that it entirely ignores the well established proposition that parties who have "changed their position relying on the erroneous ruling of the trial court should be returned to their position before such ruling." Florida Air Conditioners, Inc. v. Colonial Supply Co., 390 So.2d 174, 176 (Fla. 5th DCA 1980). In each of the cases relied upon by Arky Freed, had the trial court ruled correctly and had the plaintiffs thus been informed that their pleadings did not state the cause of action they thought was stated, then the plaintiffs would have likely acted differently and, by doing so, likely preserved their right to an ultimate trial where their pleadings and proof would not vary.

C.
"The importance of honoring a party's good faith reliance upon a judicial officer is *215 hardly a novel proposition." United States v. Velez, 693 F.2d 1081, 1084 n. 5 (11th Cir.1982). The cases are legion in which the appellate courts, noting the manifest injustice of penalizing a party for its good faith reliance on a trial court's later-found-to-be-erroneous ruling, have given the litigants a second chance or, more accurately, a first chance under the now-corrected ruling. See, e.g., Florida Air Conditioners, Inc. v. Colonial Supply Co., 390 So.2d 174 (plaintiff permitted to amend upon remand to reassert claim against defendant partnership where plaintiff had dismissed the claim in reliance on trial court ruling, later reversed, that action against individual defendants was not barred by statute of limitations), appeal after remand, 421 So.2d 1106 (Fla. 5th DCA 1982); United Artists Corp. v. La Cage aux Folles, Inc., 771 F.2d 1265 (9th Cir.1985) (litigant should not be penalized for his reasonable reliance upon the court's mistake in granting extension of time for appeal); Willis v. Newsome, 747 F.2d 605 (1984) (same), appeal after remand, 771 F.2d 1445 (11th Cir.1985); Aviation Enterprises v. Orr, 716 F.2d 1403 (D.C. Cir.1983) (same); Hernandez-Rivera v. INS, 630 F.2d 1352 (9th Cir.1980) (same); Thompson v. INS, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (whether or not trial judge was mistaken in granting extension, party relying thereon should not be penalized); Harris Truck Lines v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962) (same). See generally 4A C. Wright & A. Miller, Federal Practice & Procedure § 1168 (1987). See also Brock v. Writers Guild, 762 F.2d 1349 (9th Cir.1985) (party who allows time for motion for fees to lapse after judge's erroneous sua sponte award of attorney's fees permitted upon remand to make proper request); Bellamy v. State, 50 Md. App. 65, 435 A.2d 821 (Ct.Spec.App. 1981) (even though appellate court's exclusion of prosecution evidence makes remaining evidence insufficient, new trial ordered since State may have withheld evidence in reliance on judge's erroneous admission of evidence); Bowman v. Barnes, 168 W. Va. 111, 282 S.E.2d 613 (1981) (motion for new trial not barred when lateness of filing results from reliance on erroneous ruling by trial court).
Any other rule would be absurd. A party who relies on a favorable trial court ruling should not be placed at risk of being worse off than had the ruling been unfavorable in the first instance. For example, had the trial court ruled in the present case that Bowmar's "failure-to-present-a-cover-defense" claim was not embraced within its existing pleadings, Bowmar could have moved to amend its pleadings, and had amendment been permitted (and, necessarily, the trial continued), there would have been no variance between the pleading and proof and, hence, no possibility of a directed verdict because of one. It would be anomalous indeed if the favorable ruling that no amendment was needed were to deprive Bowmar of the opportunity to prove its claim simply because the ruling is reversed on appeal.

IV.
Applying the reliance principle to the present case, there can be no question that, first, Bowmar relied upon this ruling when it proceeded to trial without any effort to amend its pleadings, and, second, its reliance was reasonable. Compare Insurance Company of North America v. Bay, 784 F.2d 869 (8th Cir.1986) (party who was aware that final judgment had been entered against him could not reasonably rely on subsequent obviously mistaken trial court order setting case for trial as reason for delaying filing of notice of appeal). Thus, we should return the parties to the position they were in when the trial court erroneously ruled that Bowmar's existing pleadings encompassed its "failure-to-raise-a-cover-defense" theory. The remaining question is, then, whether, had the trial court made what we now deem to be the correct ruling, Bowmar would have been allowed to amend its pleadings and had the opportunity to proceed to trial on a properly pleaded "failure-to-raise-a-cover-defense" claim. We will not, however, require that this question be answered because, in our *216 view, it would be unrealistic to expect the trial court and the parties to reconstruct  nearly two years later  the setting as it was on the eve of trial and to require the trial court to rule on whether it would have at that time permitted Bowmar to amend its pleadings, with the consequence that the trial of the case would have had to be continued. See Smith v. State, 372 So.2d 86 (Fla. 1979); Land v. State, 293 So.2d 704 (Fla. 1974). See also Haist v. Scarp, 366 So.2d 402 (Fla. 1978). Instead, because there is no longer the press of trial to possibly justify denying amendment to Bowmar, we simply reverse the judgment for Bowmar (and the resultant costs judgment) and remand the cause with directions that Bowmar be allowed to amend its counterclaim to plead its "failure-to-raise-a-cover-defense" claim[8] and that further proceedings be conducted thereon.[9]
Reversed and remanded.
NOTES
[1] Arky Freed's judgment on its complaint against Bowmar for unpaid fees was offset against Bowmar's judgment, and its propriety vel non is not part of this appeal.
[2] The record in this complicated trial indisputably supports Arky Freed's claim that it was unable to adequately prepare a defense on such short notice, and Bowmar cannot be heard to say that because the lawyers for Arky Freed did a good job on short notice, any harm was cured. Bowmar's own expert witnesses testified that the need to procure experts to testify concerning the availability of alternative components and suppliers, accountants to compute damages, and the like, would have presented an "insurmountable burden" to Arky Freed if the decision had been made to present such a defense within a week before trial. They further testified that preparation of such a defense would have required at least a month or two.
[3] For pre-Dober cases in which the appellate court ordered a new trial and explicitly or implicitly permitted amendment of the complaint upon remand, see Baring Industries v. Rayglo, Inc., 303 So.2d 625 (Fla. 1974); Mansell v. Foss, 343 So.2d 910 (Fla. 3d DCA 1977); Tucker v. Daugherty, 122 So.2d 230 (Fla. 2d DCA 1960); Edwards v. Young, 107 So.2d 244 (Fla. 2d DCA 1958). Some post-Dober cases have continued this practice. See, e.g., Phrazer Co. v. Lawyers Title Insurance Corp., 508 So.2d 731 (Fla. 5th DCA 1987); Coudry v. City of Titusville, 438 So.2d 197 (Fla. 5th DCA 1983); Grady v. Grady, 395 So.2d 643 (Fla. 4th DCA 1981). See also Don Suntan Corp. v. Tanning Research Laboratories, Inc., 505 So.2d 35 (Fla. 5th DCA 1987). Cf. Somatra Lines, Ltd. v. Rayne International, Inc., 419 So.2d 803 (Fla. 3d DCA 1982); Ginsberg v. Goldstein, 404 So.2d 1098 (Fla. 3d DCA 1981). As we will discuss in detail later in this opinion, the practice seems to us to be proper only where there is reasonable detrimental reliance upon a later-reversed trial court ruling.
[4] This is subject, of course, to the exception  inapplicable here  that matters entirely outside of the issues made by the pleadings can be tried by consent, express or implied. Fla.R.Civ.P. 1.190(b).
[5] Worrell v. John F. Kennedy Memorial Hospital, Inc., 384 So.2d 897 (Fla. 4th DCA 1980).
[6] See supra note 3.
[7] Freshwater v. Vetter, 511 So.2d 1114 (Fla. 2d DCA 1987); Designers Tile International Corp. v. Capitol C Corp., 499 So.2d 4 (Fla. 3d DCA 1986); Dean Co. v. U.S. Home Corp., 485 So.2d 438 (Fla. 2d DCA 1986); Citizens National Bank v. Youngblood, 296 So.2d 92 (Fla. 4th DCA 1974). It is clear from an examination of the briefs and record on appeal in Designers Tile that the question of the appropriate remedy after reversal was neither raised in the briefs nor, to our astonishment, in the appellee's motion for rehearing. We are not familiar with the state of the record and briefs in the other cited cases, but if the question of the appropriate remedy was considered in these cases, to the extent they are inconsistent with the result we reach, we certify a conflict.
[8] Arky Freed may interpose all available defenses  legal and factual  to the "failure-to-present-a-cover-defense" claim.
[9] Of course, if these further proceedings eventuate in a new trial, Bowmar is not entitled to a new trial on the claims contained in its counterclaim which it failed to prove and which are now deemed abandoned.