PETERSON, Judge.
Petitioners, two health insurance carriers, Connecticut General Life Insurance Company and Golden Rule Insurance Company, seek certiorari review of the trial court’s order allowing the plaintiffs below, Willie E. Dyess and Margaret T. Dyess (Dyess), to amend their complaint after a mandate was issued in a previous appeal. We consolidated the two petitions for purposes of reviewing the common issues. The petitioner insurance carriers allege that the prior appeal established the law of the case and precludes the amendment. We agree and grant the petition.
In our decision in Connecticut General Life Insurance Company v. Dyess, 569 So.2d 1293 (Fla. 5th DCA 1990), review denied, 581 So.2d 1307 (Fla.1991), medical and hospital expenses from Connecticut General were denied to Dyess[1] since Dyess had recovered those expenses in a settlement with Uniroyal Tire Company. The settlement involved injuries resulting from an alleged defective tire. Upon remand, Dyess obtained leave from the trial court to amend the complaint to add a count for reformation of the release granted by Dyess as part of the settlement with Uniroyal. The settlement release relieved Uniroyal for “any and all claims ... for ... hospital and medical expenses ... arising ... out of the accident_” The proposed amendment to the complaint sought reformation of the release on the basis of mutual mistake in that neither Dyess nor Uniroyal intended that the right to make claims against health insurance carriers would be waived by the form of release.
The issue of whether Dyess should be allowed to amend the complaint to circumvent an unfavorable decision entered in an earlier appeal of a summary judgment is resolved by the seminal case of Dober v. Worrell, 401 So.2d 1322, 1324 (Fla.1981), in which the supreme court stated:
It is our view that a procedure which allows an appellate court to rule on the merits of a trial court judgment and then permits the losing party to amend his initial pleadings to assert matters not previously raised renders a mockery of the “finality” concept of our system of justice. Clearly, this procedure would substantially extend litigation, expand its costs, and, if allowed, would emasculate summary judgment procedure.
This court also previously commented upon the procedure utilized by Dyess that would have the practical effect of turning this court’s prior decision into nothing more than an advisory opinion. We stated in Don Suntan Corporation v. Tanning Research Laboratories, Inc., 505 So.2d 35, 36 (Fla. 5th DCA 1987):
In order to prevent later events in the trial court from circumventing or “mooting” the binding aspect of an appellate adjudication, the general rule is that once an appeal has been taken, the decision on appeal becomes “the law of the case,” and, on remand, amendments to the pleadings cannot be made to present new and different issues of fact or law unless the appellate court in its opinion has authorized such amendments. Our prior decision did not authorize any amendments to the complaint on remand. Therefore Don Suntan’s motion to amend was properly denied by the trial court.
(Emphasis added). In a footnote, the court cited as support for the proposition Coudry v. City of Titusville, 438 So.2d 197 (Fla. 5th DCA 1983); Grady v. Grady, 395 So.2d 643 (Fla. 4th DCA), review denied, 402 So.2d 610 (Fla.1981); Florida Air Conditioners, Inc. v. Colonial Supply Co., 390 So.2d 174 (Fla. 5th DCA 1980). The court stated further in its footnote:
In rare instances, appellate courts authorize amendments on remand which are perceived to be necessary in the interests of justice and which will not circumvent *1047 the appellate decision. Such amendments, when permitted, should not permit circumvention of the appellate decision or prior valid adjudication in the trial court, should not be inconsistent or repugnant to the allegations in the original pleadings, should not change or abandon the nature of the issues framed by the pleadings, and should not introduce a new theory of recovery or defense not theretofore asserted. Florida Air Conditioners, Inc. ...
Don Suntan Corp., 505 So.2d at 36 n. 1 (emphasis added).
The words of the Uniroyal release that Dyess seeks to delete through the equitable relief of reformation, “any and all claims ... for ... hospital and medical expenses ... arising ... out of the accident ...,” were specifically considered and quoted in our previous decision in Connecticut General Life Insurance Company v. Dyess, 569 So.2d at 1294. In that appeal, Dyess argued that the “conditioned claim payment” provision in Connecticut General’s policy which purports to deny a double recovery to a claimant was ambiguous. Dyess did not allege in the prior appeal that the language in the Uniroyal release was included by mistake, nor did they seek to amend their complaint in the trial court upon that basis prior to the appeal. Amendments to pleading upon remand are sometimes allowed by an appellate court upon express direction. See Phrazer Co. v. Lawyers Title Insurance Corp., 508 So.2d 731 (Fla. 5th DCA 1987). In the instant case, no such permission was sought or given in the earlier appeal. A financial analysis of this case does not indicate that manifest injustice will be visited upon Dyess. Dyess recovered two million dollars from the alleged tortfeasor, and it is difficult to comprehend that medical expenses were not included in that recovery.
Golden Rule Insurance Company now wishes to ride Connecticut General’s coattail to avoid payment under its policy although it sided with Dyess in the earlier appeal. In the earlier appeal, Golden Rule merely wished to establish the order of payment, that is, whether as an “excess” carrier it was required to pay Dyess for medical and hospital expenses only after the policy limits of the primary carrier, Connecticut General, were exhausted. While the issue of Golden Rule’s “conditioned claim payment” provisions in its policy was not before this court in the earlier appeal, this court’s earlier construction of the provisions of the Uniroyal release is applicable to the policy provisions of both insurance carriers. It is not possible to construe the release in a different manner for each of the two carriers as is urged by Dyess.
The trial court’s order granting Dyess’ motion to allow amendment of the complaint is quashed.
CERTIORARI GRANTED.
GOSHORN, C.J., and COBB, J., concur.

. The trial court had ruled in a summary judgment that Dyess was entitled to the insurance benefits from Connecticut General notwithstanding the previous settlement with the alleged tortfeasor.