DAVIS, Judge.
In these consolidated cases, James Royce Weaver, the Former Husband, challenges the trial court’s final judgment in which it awarded his adult son, James Dalton Weaver, and the Former Wife, Elizabeth Corey, f/k/a Elizabeth Weaver, reimbursement of funds they paid toward the son’s college expenses. Additionally, the Former Husband challenges the final judgment that awarded the Former Wife the costs of litigating this contract dispute. We affirm the trial court’s determination that the Former Husband is responsible for the college expenses; however, we reverse the cost award as related to the expert witness fee.
The Former Wife and Former Husband entered into a marital settlement agreement on May 26, 1997, as part of the dissolution of their marriage. At that time the parties had three minor children. By the terms of the agreement, the parties contracted to use their best efforts to provide for the expenses of sending their children to private or parochial school, college, and graduate school. Specifically, the agreement provided that “[b]oth parties agree that each will use their best efforts to provide funds” and that “[t]he contribution of each parent shall be calculated on the basis of the ratio between their gross annual incomes as reported [i]n their most recent federal income tax return immediately preceding the academic year.”
The parties’ oldest child, James Dalton Weaver, graduated from high school in December 2008 and enrolled in college the next month. The Former Husband began to contribute to the cost of James’ college expenses. However, there came a time when the Former Husband did not pay the full amount of the college expenses as expected by his now adult son and the Former Wife, and they sued the Former Husband for breach of contract.[1] The trial court found that the Former Husband had not used his best efforts in supplying the costs of his son’s college education and entered an order requiring the Former Husband to pay a total of $41,603 to the son and the Former Wife as the costs of the college education.
On appeal, the Former Husband argues that the trial court failed to take into account the Former Wife’s failure to exercise her best efforts to contribute funds, as is also required by the agreement. Specifically, the Former Husband maintains that the Former Wife was willfully underemployed causing her annual income to range from $300 to $8500. When compared to the Former Husband’s income, the ratio described in the marital settlement agreement required the Former Husband to pay the equivalent of 97.4% to 99.9% of the son’s college expenses. The Former Husband argues that the trial court’s failure to consider the Former Wife’s willful underemployment in considering whether she was exercising her best efforts was error. We disagree.
Although the agreement does suggest that each of the parties agreed to exercise his/her best efforts, the Former Husband did not plead the failure of the Former Wife to do so as an affirmative defense, nor did he argue this failure at trial. The only reference to “best efforts” at trial was the Former Husband’s argument that he indeed had exerted his best efforts by paying a portion of the costs even though he had not paid all of the costs. As such, *949 the trial court determined the only issue that had been placed before it — whether the Former Husband exercised his best efforts in paying for the college expenses.
Because the Former Husband did not plead the Former Wife’s failure to employ her best efforts as an affirmative defense and did not argue the issue at trial, we cannot review this theory of defense for the first time on appeal. See Dober v. Worrell, 401 So.2d 1322, 1323 (Fla.1981) (“[Fjailure to raise an affirmative defense before a trial court ... precludes raising that issue for the first time on appeal.”). Accordingly, we affirm the trial court’s award.
The Former Husband also argues on appeal that the trial court erred in calculating its award of total college costs by including room and board. He maintains that the college expenses contemplated in the marital settlement agreement included only tuition, books, and fees but not room and board. Florida courts, however, have “generally recognized that such expenses are factored into the cost of higher education.” Reynolds v. Diamond, 605 So.2d 525, 527 (Fla. 4th DCA 1992).
In the companion case, the Former Husband challenges the cost award, specifically targeting the trial court’s award of $10,536.88 for the expert witness fee. The Former Wife employed the services of a certified public accountant to review several bills and invoices to determine which were related to actual college expenses, 1.e., tuition, books, fees, and room and board, and which were the adult son’s social expenses, i.e., fraternity dues. The expert then looked at the several sources of payment of the college expenses and determined that the Former Husband had not paid any of these costs.[2] The Former Husband argued in the trial court and on appeal that these costs are not awardable under the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions found in the Florida Rules of Civil Procedure. We agree.
The discretion afforded to the trial court to award fees and costs is not unbridled. See Brophy v. Condon, 771 So.2d 7 (Fla. 2d DCA 2000). The burden of proving the costs is on the moving party. In re Amendments to Uniform Guidelines for Taxation of Costs, 915 So.2d 612, 616 (Fla.2005). The fee charged by the expert was not for his deposition or trial testimony, nor was it for the preparation of a court-ordered report. Additionally, the services performed were in the nature of describing expenses, tabulating totals, and examining the sources of payment. Such services are not of the type requiring a CPA because the result was not an expert opinion — it was simple math. We conclude that such services are not covered by the guidelines and that the trial court abused its discretion in making this award.
Accordingly, we affirm the final judgment that ordered the Former Husband to pay for the college expenses incurred by the adult son, including room and board. However, we reverse that portion of the order on fees and costs which awarded $10,536.88 for the expert witness fee and remand for a recalculation of the fees and costs award.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and WALLACE, JJ., Concur.

. We note that the attorney who prepared the marital settlement agreement does not represent any party in the instant litigation and that the Former Husband's trial counsel does not represent him on appeal.

. The Former Husband paid some of the expenses, the Former Wife used the funds of her new husband to pay some, and the son borrowed and worked to cover the remaining costs.