# Third District Court of Appeal

## State of Florida

Opinion filed June 19, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2044
Lower Tribunal No. 19-10774
_____


**Patricia Del Valle,**
Appellant,

vs.

**SafePoint Insurance Company,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Natalie Moore, Judge.

Font & Nelson, PLLC, and Christopher Herrera and Jose P. Font (Fort Lauderdale), for appellant.

Bickford & Chidnese, LLP, and Patrick M. Chidnese and Frieda C. Lindroth (Tampa), for appellee.


Before EMAS, MILLER and LOBREE, JJ.

PER CURIAM.

Affirmed. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 644 (Fla.1999) (stating that a claim not raised in the trial court will not be considered on appeal); Tillman v. State, 471 So. 2d 32, 35 (Fla.1985) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved."); Dober v. Worrell, 401 So. 2d 1322 (Fla.1981) (holding that issues not presented to the trial judge will not be considered in an appeal from final judgment on the merits). See also Fla. R. App. P. 9.200(e) ("The burden to ensure that the record is prepared and transmitted in accordance with these rules shall be on the petitioner or appellant."); Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal."); Ponn v. Metro Express, Inc., 48 Fla. L. Weekly D1786, 2023 WL 5731753, at *1 (Fla. 3d DCA Sept. 6, 2023) ("The choice to provide piecemeal transcripts deprived this Court of the ability to review the record

as a whole. Absent a full transcript, this Court cannot determine whether the evidence presented by [appellant] at trial supported her argument that the proposed jury instruction should have been included or whether it was prejudicial for the trial court to fail to include that instruction.")