397 So.2d 922 (1981)
STATE of Florida, Appellant,
v.
CITY OF PENSACOLA, Etc., Appellee.
No. 59710.
Supreme Court of Florida.
April 23, 1981.
*923 Curtis A. Golden, State Atty. and Barbara M. Finch, Asst. State Atty., Pensacola, for appellant.
Don J. Caton, City Atty., Pensacola, and Daniel U. Livermore, Jr. of Freeman, Richardson, Watson, Kelly & Livermore, Jacksonville, for appellee.
BOYD, Justice.
The state appeals a judgment of the Circuit Court of the First Judicial Circuit, in and for Escambia County, validating bonds proposed for issue by the City of Pensacola. We have jurisdiction. Art. V, § 3(b)(2), Fla. Const.; § 75.08, Fla. Stat. (1979). We affirm the judgment of the trial court.
Per chapter 75, Florida Statutes (1979), the City of Pensacola sought validation of Single Family Mortgage Revenue Bonds, Series 1980, for the purpose of financing the purchase of low interest mortgage loans for construction, purchase, reconstruction, or rehabilitation of single family residences within the "inner city" of Pensacola. The purpose of the program is to revitalize the city's downtown blighted area. The proceeds of the bonds will be used to purchase mortgage notes and mortgages from established lending institutions pursuant to a Sale, Servicing, and Administration Agreement. Under this agreement the lending institutions, called "participants," are obliged to service and administer loans to persons who will use the money to purchase, construct, or rehabilitate single family residences within the "inner city." The bond issue will encourage development in *924 this blighted area because it will make mortgage money available at interest rates ranging from two to three and one-half percent lower than the prevailing market rate.
The city does not pledge its taxing powers or credit for the repayment of the bonds. Instead the principal and interest on the bonds will be paid solely from and secured by the repayment proceeds from sales of the mortgage loans and mortgages and from certain insurance proceeds. The proceeds from the sale of the bonds and the repayment of the bonds will be administered by a trustee pursuant to a Trust Indenture.
The state filed this appeal, contending that the city does not have the power to issue this type of bond and that the issuance of the bonds is not for a valid public purpose.
The state's first argument is premised on section 166.021(3)(c), Florida Statutes (1979), which states that municipalities have the power to enact legislation concerning any subject matter upon which the state legislature may act except those subjects "expressly preempted to state or county government by the Constitution or by general law... ." The state claims the city is expressly preempted from the proposed involvement by the Florida Housing Finance Authority Law, Part IV, chapter 159, Florida Statutes (1979), and by the Community Redevelopment Act of 1969, as amended, Part III, chapter 163, Florida Statutes (1979). However, as respondent points out, neither of these acts expressly prohibits municipalities from issuing revenue bonds for the purpose of financing housing or redeveloping areas within their boundaries. Instead they merely authorize the creation of housing finance authorities and community redevelopment agencies whose powers to issue bonds are supplemental to those of the counties and municipalities.
As for the state's second argument, it is settled law that projects to revitalize urban communities and to promote the development of decent housing serve a public purpose. See, e.g., State v. Miami Beach Redevelopment Agency, 392 So.2d 875 (Fla. 1980); Grubstein v. Urban Renewal Agency, 115 So.2d 745 (Fla. 1959); Marvin v. Housing Authority, 133 Fla. 590, 183 So. 145 (1938). In this case the City of Pensacola passed resolution no. 38-80 which found that the "inner city" was a blighted area which could be conserved and rehabilitated by facilitating the financing of single family residences within the area. Since there is substantial competent evidence in the record supporting the city's findings, we hold the issuance of these bonds serves a valid public purpose. We therefore affirm the judgment of validation.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.