428 So.2d 647 (1983)
Murray ZEDECK, Appellant,
v.
INDIAN TRACE COMMUNITY DEVELOPMENT DISTRICT, Appellee.
No. 62423.
Supreme Court of Florida.
January 27, 1983.
Rehearing Denied April 18, 1983.
Adam Kurlander of the Law Offices of Zedeck & Kurlander, North Miami Beach, Kenneth C. Jenne, Fort Lauderdale, and Edward S. Jaffry of Horne, Rhodes, Jaffry, Horne & Carrouth, Tallahassee, for appellant.
Philip S. Shailer of Shailer, Purdy & Jolly, Fort Lauderdale, and Robert M. Rhodes and Terry E. Lewis of Messer, Rhodes & Vickers, Tallahassee, for appellee.
McDONALD, Justice.
Zedeck appeals a final judgment validating the issuance of $9,500,000 of water and sewer system expansion bonds. We have jurisdiction pursuant to article V, section 3(b)(2), Florida Constitution, and affirm the final judgment.
In 1975 the Broward County Commission created the Indian Trace Special Municipal Taxing District (ITSMTD), composed of approximately 13,000 acres. Arvida Corporation is the district's majority landowner with 10,000 acres, while Zedeck, as trustee, owns 31.5 acres. In 1980 the legislature enacted chapter 190, Florida Statutes, the Uniform Community Development District Act of 1980. The ITSMTD petitioned to have itself reestablished as a community development district under chapter 190. The county commission supported the petition, and the hearing officer recommended granting the petition, which the Florida Land and Water Adjudicatory Commission did.
*648 As the newly established Indian Trace Community Development District (ITCDD), the district's board of directors divided the district into three areas or basins and filed a complaint requesting validation of the issuance of $9,500,000 in water and sewer system expansion bonds for basin 1. The circuit court found the complaint proper and validated the bond issue in June 1982. Zedeck, as trustee owner of land in basin 3, attacks the bond validation in this appeal.
Zedeck claims that for the ITCDD to have been properly established the petition should have contained the written consent of 100 percent of the affected landowners as prescribed by subsection 190.005(1)(a)2. The district, on the other hand, contends that under subsection 190.005(3) the district was properly reestablished even without all of the landowners' consent. After reviewing the record, we agree with the district and the trial court that the ITCDD has been duly constituted and established under chapter 190.
At the time of the bond validation proceedings numerous persons had already challenged the district's water management plan in separate litigation. Zedeck claims that the district abused its discretion by pursuing the bond validation prior to resolution of that litigation. This is a collateral matter which cannot be resolved in a bond validation. McCoy Restaurants, Inc. v. City of Orlando, 392 So.2d 252 (Fla. 1980); State v. Sunrise Lakes Phase II Special Recreation District, 383 So.2d 631 (Fla. 1980). We, therefore, find no merit to this claim.
As his final point, Zedeck claims that the primary purpose of the bond issue is to benefit private property. The expansion of water and sewer systems contemplated by the ITCDD and the bond issue for implementing that expansion are within the purposes of chapter 190 and within the powers given community development districts to implement those purposes. §§ 190.002, 190.011, 190.012, 190.016. A legislative declaration of public purpose is presumed valid and should be considered correct unless patently erroneous. State v. Housing Finance Authority of Polk County, 376 So.2d 1158 (Fla. 1979). Even though the system expansion affects primarily land owned by Arvida, the public interest in this project is present and sufficiently strong to overcome Zedeck's claim.
Finding no error, we affirm the final judgment validating this bond issue.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON and EHRLICH, JJ., concur.