495 So.2d 183 (1986)
STATE of Florida, Etc., Appellant,
v.
DIVISION OF BOND FINANCE, Etc., Appellee.
No. 69087.
Supreme Court of Florida.
October 9, 1986.
William N. Meggs, State Atty., Second Judicial Circuit, Tallahassee, for appellant.
Raymond K. Petty of Division of Bond Finance, Tallahassee, for appellee.
McDONALD, Chief Justice.
The state appeals a trial court order validating a bond issuance by a state agency. We have jurisdiction pursuant to article V, section 3(b)(2), Florida Constitution, and affirm the trial court's order.
In February 1986 the Florida Housing Finance Agency adopted a resolution authorizing the issuance of $200,000,000 Home Ownership Mortgage Revenue Bonds. Sitting as the governing board of the Florida Division of Bond Finance (DBF), the governor and cabinet also adopted a resolution authorizing such bond issue. DBF then filed its complaint in the circuit court seeking validation of the bond issue. After holding a hearing on the matter, the trial court validated the bonds.
On appeal the state claims that the court's order should be reversed because DBF is not authorized to issue taxable, as opposed to tax-exempt, bonds and because the subject bond issue fails to serve a public purpose. We disagree with the state's contentions.
The court's order states that these bonds "may be sold as either taxable, tax-exempt or any combination thereof." In its findings of fact the court recognized that DBF has no specific statutory authority to issue taxable bonds. It also found, however, that there is no statutory prohibition against issuing taxable bonds. Moreover, the court noted that the 1986 legislature amended section 215.84, Florida Statutes, *184 to provide for interest waivers for taxable bonds issued on behalf of state agencies.[1]
DBF claims that its authority to issue these bonds,[2] by not specifying one or the other, encompasses both taxable and tax-exempt bonds. On its face the term "bonds" includes both taxable and tax-exempt bonds. Because the legislature did not specify a certain type of bonds, we conclude that DBF may issue these taxable bonds.
The trial court also found that the bonds will serve a public purpose by providing mortgages for low, moderate, and middle income persons at reasonable rates. Compare State v. City of Pensacola, 397 So.2d 922 (Fla. 1981) (projects promoting decent housing serve a public purpose); State v. Housing Finance Authority, 376 So.2d 1158 (Fla. 1979) (projects alleviating a shortage of affordable housing and making capital available for investment in housing serve a public purpose). This finding echoes the findings in the resolutions adopted by the housing agency and the governor and cabinet. Legislative declarations of public purpose are presumed valid and are to be considered correct unless patently erroneous. Pepin v. Division of Bond Finance, 493 So.2d 1013 (Fla. 1986). The state has failed to demonstrate that the instant declarations of public purpose are erroneous.
Therefore, we affirm the trial court's order validating these bonds.
It is so ordered.
ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
NOTES
[1] Ch. 86-15, § 1, Laws of Fla., added the following sentence to the end of § 215.84(1), Fla. Stat. (Supp. 1986): "This section shall be applicable to debt instruments whose interest is either taxable or tax exempt from income taxation under federal law existing on the date the bonds are issued."
[2] §§ 215.57  215.83, 420.501  420.516, Fla. Stat. (1985).