506 So.2d 407 (1987)
Richard LODWICK, Appellant,
v.
SCHOOL DISTRICT OF PALM BEACH COUNTY, Florida, Appellee.
No. 69827.
Supreme Court of Florida.
May 7, 1987.
*408 Anthony F. Barone, West Palm Beach, for appellant.
Richard L. Oftedal, General Counsel, School Bd. of Palm Beach County, West Palm Beach, and Robert O. Freeman of Freeman, Richardson, Watson & Kelly, P.A., Jacksonville, for appellee.
PER CURIAM.
Lodwick, a resident of Palm Beach County, appeals the validation of certain school bonds. We have jurisdiction, article V, section 3(b)(2), Florida Constitution, and affirm the trial court's order.
In June 1986 the Palm Beach County School Board adopted a resolution determining the need for a bond issue to finance capital improvements. The school board sent the resolution to the Florida Department of Education, which approved it. Thereafter, the school board adopted a second resolution reciting the improvements to be built and the proposed financing plan and calling for a bond referendum to be held in September 1986. A substantial majority of the county's electors voted for the $317,000,000 bond issue. After the supervisor of elections certified the results, the school board canvassed the returns and passed a resolution authorizing the bond issue.
The school board filed a complaint in the circuit court to validate the bonds, and that court issued a show cause order. The state responded, as did Lodwick and his co-intervenor, Berger. Lodwick and Berger's answer included twelve numbered paragraphs, labeled "Affirmative Defenses," claiming that the school board had over $220,000,000 in investments that would have obviated the need for most of the bond issue, that some of the capital improvements had already been completed, and that, had the electors known all the facts, the bond issue would have been defeated. The circuit court held a two-day hearing after which it granted Berger's motion to be dismissed from the case, granted the school board's motion to strike Lodwick's affirmative defenses, and validated the proposed bond issue.
On appeal Lodwick claims that: 1) the circuit court erred in striking his affirmative defenses; 2) the school board did not publish the proper resolution; 3) the school board produced insufficient evidence regarding certification of the election; and 4) the state attorney failed to contest the bond validation properly.
In its motion to strike the school board claimed that the affirmative defenses raised issues beyond the proper scope of bond validation proceedings. At the hearing the state said it had no objection to granting the motion because Lodwick's defenses went to matters to be determined by the school board acting as the school district's legislative body. In granting the motion to strike the affirmative defenses the circuit court found that those defenses related to collateral matters outside the scope of the bond validation. The court also found that the defenses did not make a valid claim or defense of fraud or violation of legal duty by the school board.
In Town of Medley v. State, 162 So.2d 257, 258-59 (Fla. 1964), this Court stated that it had "consistently ruled that questions of business policy and judgment incident to the issuance of revenue issues are beyond the scope of judicial interference and are the responsibility and prerogative of the governing body of the governmental unit in the absence of fraud or violation of legal duty." (Emphasis added.) Citing the above quote, Lodwick now argues that the circuit court failed to recognize that his affirmative defenses raised the issues of *409 fraud and misrepresentation. Considering that, when asked by the court if he thought a fraud had been placed on the public, Lodwick's attorney responded, "I think fraud is rather strong," and that Lodwick stated in his deposition, "You know, I'm not accusing anybody of intentionally doing something here," Lodwick's argument might, at first blush, be valid because he did not stress fraud before the circuit court. In reality, however, the circuit judge well understood the thrust of Lodwick's defenses, as evidenced by his questions at the hearing and his ruling on the motion to strike. We agree with the circuit court that Lodwick failed to present a claim of fraud sufficient to bypass the general rule that collateral issues will not be addressed in bond validation proceedings.
The scope of judicial inquiry in bond validations is limited to determining if a public body has the authority to issue the bonds and if the purpose of the bonds is legal and to ensuring that the bond issue complies with the requirements of law. Taylor v. Lee County, 498 So.2d 424 (Fla. 1986). Lodwick's second and third issues, concerning publication and election results, go to the legal requirements placed on a bond issuer. In validating these bonds the circuit court held that the school board had complied with all legal requirements. Lodwick has demonstrated no error in the court's findings, and we find no merit to Lodwick's claims.
Likewise, there is no merit to Lodwick's last claim. The state filed an answer to the order to show cause, demanding proof from the school board on each allegation of the complaint, and participated in the hearing. That the court validated the bonds does not mean that the state failed to participate actively in the proceedings. The record shows that the state performed the duties required of it by section 75.05, Florida Statutes (1985).
We therefore affirm the circuit court order validating this bond issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.