520 So.2d 245 (1988)
WARNER CABLE COMMUNICATIONS, INC., et al., Appellants,
v.
CITY OF NICEVILLE, Florida, Appellee.
No. 71134.
Supreme Court of Florida.
January 14, 1988.
Rehearing Denied March 16, 1988.
*246 James E. Moore of Moore & Moore P.A., Niceville, and Ralph A. Peterson of Beggs & Lane, Pensacola, for appellants.
Don J. Caton and William D. Wells, Pensacola, and Gillis E. Powell, Sr. of Powell, Powell & Powell, P.A., Niceville, for appellee.
PER CURIAM.
Warner Cable Communications appeals the circuit court's validation of a proposed bond issue by the City of Niceville. We have jurisdiction. Art. V § 3(b)(2), Fla. Const. We affirm the trial court's order.
Niceville filed a complaint for validation of $2,000,000 in revenue bonds with which it proposes to establish a municipally owned cable television system. Both the state and Warner answered the complaint. Warner, which currently provides cable service in Niceville, raised several affirmative defenses, including, among other things, the economic and fiscal feasibility of a municipally owned cable project, the necessity for such a project, and the applicability of federal cable law. On the city's motion the court struck the defenses as being collateral to a bond validation proceeding. The court later validated the bond issue, and this appeal ensued.
Warner now claims that the court erred in finding the bond issue to be for a public purpose and to have been enacted in accordance with law. The cable company also complains that the court erred in its rulings on Warner's defenses. Niceville, on the other hand, supports the court's validation of the bond issue.
Judicial inquiry in bond validation proceedings is sharply limited. It extends only to determining if a public body has the authority to issue the subject bonds and if the purpose of the bonds is legal and to ensuring that the bond issue complies with all legal requirements. Lodwick v. School District of Palm Beach County, 506 So.2d 407 (Fla. 1987); Taylor v. Lee County, 498 So.2d 424 (Fla. 1986). Other matters are collateral to a bond issuance and will not be addressed in a validation proceeding. Zedeck v. Indian Trace Community Development District, 428 So.2d 647 (Fla. 1983).
The circuit court found that the city had authority to issue these bonds, that they were for a valid public purpose, and that the city had complied with the requirements of law. Warner has demonstrated no error in the court's findings. We also agree with Niceville and the circuit court that Warner's affirmative defenses are collateral issues and, therefore, not cognizable in this bond validation.[*] We affirm the trial court's order.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] Niceville points out that Warner has filed several lawsuits against the city raising these same issues. While they may be addressed by other courts in other cases, they are not properly raised in a bond validation.