McDONALD, Justice,
concurring in part, dissenting in part.
I agree that the trial court could have validated this bond issue. I disagree, how *971 ever, with the majority’s conclusion that these bonds are being converted instead of being reissued. The majority states that “for purposes of passing on the validity of the bonds under Florida law, we conclude that they were grandfathered under the Deficit Reduction Act of 1984.” For purposes of passing on the validity of these bonds under Florida law, the Court need not, and may not, consider whether they were grandfathered in. This is a collateral issue which relates only to their tax-exempt status under the Internal Revenue Code. My personal view is that they were not.
Congress adopted the Deficit Reduction Act because of concern with the volume of tax-exempt private activity bonds. H.R. Rep. No. 432, 98th Cong., 2d Sess. 1025, reprinted in 1984 U.S.Code Cong. & Admin.News 697, 711. The act eliminates the tax-exempt status of private activity bonds issued after December 31, 1984 which do not fall within certain volume limitations. Broward County wishes this Court to hold that the bonds were issued before December 31, 1984, so that the bonds maintain a tax-exempt status.
The majority correctly states that if these bonds were grandfathered in, no written confirmation would be necessary to satisfy chapter 159, part VI, Florida Statutes (1987). Part VI allocates the volume limitations imposed on private activity bonds by the Deficit Reduction Act; that is, which bonds remain tax-exempt. However, in State v. Division of Bond Finance, 495 So.2d 183 (Fla.1986), we held that the division could issue taxable as well as tax-exempt bonds because the legislature had not specified one or the other. Later, the legislature enacted chapter 159, part VII, Florida Statutes (1987), which recognizes the limited availability of tax-exempt municipal bonds and provides guidelines for issuing bonds subject to federal taxation. Because these bonds fit easily in part VII, Broward County need not have complied with the procedural requirements in part VI for us to pass on the validity of the bonds under state law.
The role of this Court in validation proceedings is limited. Specifically, we will consider 1) the authority of a public body to issue the bonds, 2) whether the purpose is legal, and 3) whether the authorization complies with the requirements of law. State v. City of Panama City Beach, 529 So.2d 250 (Fla.1988). In State v. City of Miami, 103 So.2d 185 (Fla.1958), this Court held that whether revenue bonds were exempt from taxation under the Florida Statutes was a collateral issue to a bond validation proceeding and outside the scope of judicial inquiry into bond validations. Likewise, whether the instant bonds are grandfathered in and maintain a tax-exempt status is a collateral issue outside our scope of inquiry and should be left to the appropriate federal authority. The majority errs in holding otherwise.