541 So.2d 696 (1989)
D.L. BYRD, Y.P. Byrd, C.J. Pinkston, R.K. Pinkston, and Warner Cable Communications Inc., a Delaware Corporation, Appellants,
v.
CITY OF NICEVILLE, a Municipal Corporation, and Cosmic Communications, Inc., a Florida Corporation, Appellees.
No. 88-1704.
District Court of Appeal of Florida, First District.
March 23, 1989.
Rehearing Denied April 28, 1989.
Ralph A. Peterson, of Beggs & Lane, Pensacola, and James E. Moore, of Moore & Moore, P.A., Niceville, for appellants.
*697 Gillis F. Powell, Sr., of Powell, Powell & Powell, Niceville, and William D. Wells and Don J. Caton, Pensacola, for appellees.
WIGGINTON, Judge.
Appellants appeal an order granting appellees' motion to dismiss appellants' 17-count first amended complaint which sought injunctive and declaratory relief, determination of constitutional rights, damages, and inverse condemnation in a cable T.V. dispute. We affirm in part and reverse in part.
In response to this Court's inquiry as to whether the order is appealable, all parties have taken the position that the order, which is entitled "Order Granting Defendants' Motion to Dismiss" is, in fact, an order dismissing every count of the complaint; consequently, as an order dismissing the complaint, the order is an appealable final order. See Board of County Commissioners of Madison County v. Grice, 438 So.2d 392 (Fla. 1983) and Gries Investment Company v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980). We accept the parties' analysis of the posture of the order on appeal and determine that we do have jurisdiction as the appeal is from a final order.
As to appellants D.L. Byrd, Y.P. Byrd, C.J. Pinkston, and R.K. Pinkston, who apparently are employees or spouses of employees of appellant Warner, the trial judge dismissed the complaint for lack of standing. Since the Byrds and Pinkstons failed to allege anywhere in the complaint any particular, specific injury to them, we determine that they have not laid a proper predicate to show that they have standing to participate in this action. See Williams v. Howard, 329 So.2d 277 (Fla. 1976), Okaloosa Island Leaseholders Association, Inc. v. Okaloosa Island Authority, 308 So.2d 120 (Fla. 1st DCA 1975), and Department of Revenue v. Markham, 396 So.2d 1120 (Fla. 1981). Therefore, we affirm the trial court's dismissal of the complaint as to the appellants Byrds and Pinkstons.
This suit is one action in extensive litigation brought by appellant Warner challenging the city's attempt to establish a city-owned cable T.V. system. Warner holds a 15-year franchise granted by the city to provide nonexclusive cable T.V. services within the city. Due in part to consumer complaints within the city regarding Warner's services, and in light of the fact that the Federal Cable Communications Policy Act of 1984 [47 U.S.C. §§ 521 et seq.] authorizes local government ownership of cable T.V. systems, the city examined the possibility of constructing its own system. During that study, the city commissioned appellee Cosmic (another cable T.V. operator with an inactive franchise) to perform a financial feasibility study. As a result, in October 1985, the city enacted ordinance 583 which provided for the issuance of revenue bonds not exceeding two million dollars for the purpose of constructing and operating a city-owned cable T.V. system. Thereafter, the city filed a bond validation petition in the circuit court and Warner was allowed to intervene in that action. Meanwhile, in November 1985, Warner filed a federal court action raising constitutional and federal statutory claims in regard to the City's enactment of ordinance 583 and its pursuance of a city-owned system.
In August 1987, the circuit court entered a final judgment in the bond validation proceeding, determining: the city is authorized to construct a cable T.V. system; ordinance 583 was duly enacted in accordance with both the 1955 and the 1985 city charters; the project constitutes a valid public purpose; neither the actions taken by the city nor the provisions of the Federal Cable Communications Policy Act of 1984 preclude the city from issuing the bonds; no showing was made that the bonds constitute a pledge of public credit; the evidence proffered by Warner primarily concerns the subjects of political, financial, or economic feasibility, need, and necessity of the project and business policy and judgment, which were not shown to be due to fraud or violation of a legal duty by the city and are matters beyond the scope of a bond validation proceeding; it is proper for a city to engage in private business even though it may compete with other privately *698 owned businesses providing similar services; the ordinance provides that no ad valorem taxes shall be required to be levied for payment of the bond which shall be payable only from pledged revenues and the bonds will not constitute a general indebtedness of the city within the meaning of any constitutional or statutory limitations; the bonds shall not constitute a lien upon the system or any other property of the city; the city has the authority to issue the bonds, the purpose of the obligation is legal, and the city's authorization of the obligation complies with the requirements of law.
In Warner Cable Communications, Inc. v. City of Niceville, 520 So.2d 245 (Fla. 1988), the court affirmed that final judgment. In its opinion, the court rejected Warner's assertion that the trial court improperly struck several of its affirmative defenses.[1] The court agreed with the trial court that Warner's affirmative defenses were collateral issues and therefore were not cognizable in the bond validation proceeding although, in a footnote, the court recognized that those issues might be addressed by other courts in other cases. The court further stated, however, that "Warner has demonstrated no error in the court's findings."
In their motion to dismiss, appellees asserted that appellants' complaint raised issues that previously had been litigated. The court granted the motion as to numerous counts on the ground that they involved issues that previously had been determined by the court in the bond validation proceeding. We agree with the trial court's determination and thereby reject Warner's assertion that the findings of the bond validation judgment were improper and beyond the scope of a bond validation proceeding. In Warner Cable Communications, the supreme court affirmed each of those findings upon a determination that Warner had demonstrated no error in regard to them. We are bound by that determination, as is the trial court. Thus, any counts of the first amended complaint in this case which make allegations contrary to the determination of the bond validation judgment and the appeal therefrom are subject to dismissal.
We reject Warner's assertion of a judicial notice procedural problem in regard to the trial court considering the bond validation and an order in the federal case since the requirements of chapter 90, Florida Statutes, were substantially met in the presentation of those documents below. Any failure in that regard is not reversible in this case.
However, although we agree with the trial court's assessment on the res judicata and collateral estoppel questions, due to a procedural impropriety, we cannot affirm his dismissal of the complaint at this stage. Prior to filing any answer to the first amended complaint and to asserting any affirmative defense, such as res judicata, appellees raised the res judicata issue solely through their motion to dismiss. From our in-depth view of the first amended complaint, we cannot discern that the res judicata defense appears anywhere on the face of the complaint. In Livingston v. Spires, 481 So.2d 87 (Fla. 1st DCA 1986), this Court declared:
The issue of res judicata is an affirmative defense, and affirmative defenses cannot be raised in a motion to dismiss unless the allegations of a prior pleading in the case demonstrate their existence [citations omitted].
See also Holley v. Universal Rental Properties, Inc., 416 So.2d 861 (Fla. 1st DCA 1982). In light of those cases, appellees' failure to answer the First Amended Complaint, raise affirmative defenses, including res judicata or collateral estoppel, and then assert a proper motion requires reversal and remand.
*699 We have considered the remaining points raised by appellants and find them to be without merit.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
WENTWORTH and THOMPSON, JJ., concur.
NOTES
[1] The pleading in which Warner asserted affirmative defenses in the bond validation proceeding is not contained in the record of the instant case, nor are the order striking those affirmative defenses and a copy of the transcript of the proceeding in that case. Therefore, it is impossible for this Court to determine which issues were and were not litigated in that case beyond the face of the bond validation judgment in the trial court and the affirmance thereof in Warner Cable Communications.