ERVIN, Judge.
Appellant, Warner Cable Communications, Inc. (Warner), appeals an order of summary judgment, an order of dismissal, and an order denying its motion to vacate a stay of discovery, which combined to effect a total dismissal with prejudice of Warner’s complaint. Warner claims the trial court erred in concluding that Counts I, IV, V, VI, IX, and XV of its complaint were barred by the doctrine of res judicata; in dismissing Count XV for failure to state a cause of action; and in refusing to vacate a prior stay of discovery to permit Warner to go forward with Count XVI, which Warner alleged survived the orders of summary judgment and dismissal. We affirm in part and reverse in part.
This case involves a series of final orders and appellate opinions: (1) a final order in a bond-validation proceeding that was affirmed by the Florida Supreme Court in Warner Cable Communications, Inc. v. City of Niceville, 520 So.2d 245 (Fla.), cert. denied, 488 U.S. 825, 109 S.Ct. 74, 102 L.Ed.2d 51 (1988) [hereafter referred to as Warner /]; (2) a final order in a subsequent case that was affirmed in part and reversed in part and remanded by this court in Byrd v. City of Niceville, 541 So.2d 696 (Fla. 1st DCA), review denied, 548 So.2d 662 (Fla.1989) [hereafter referred to as Byrd]; and (3) the final order after remand, which is the subject of the instant appeal. A chronology of these proceedings follows.
(I) BOND-VALIDATION PROCEEDING
This case arose when appellee, the City of Niceville, decided to construct and operate a municipally-owned cable television system, and passed Ordinance No. 583 to authorize a revenue bond issue for funding the project. Appellee Cosmic Communications, Inc., is the City’s cable television consultant which was originally engaged to provide the City with a technical and financial feasibility study, but was also given a contract by the City to manage operations of the municipally-owned cable television system. (We refer to the appellees collectively as “the City.”) Warner has continually operated and maintained a cable television system in Niceville since 1972 when it acquired an existing franchise granted by the City.
In 1986, the City filed a complaint for validation of revenue bonds. The City sought to fund an amount not to exceed two million dollars for acquisition, ownership, construction, and operation of the cable system. In its answer, Warner raised five affirmative defenses: (1) that the local ordinance authorizing the City to issue the revenue bonds was invalid because the City failed to comply with requirements of the 1955 and 1983 city charters dealing with the enactment of ordinances authorizing expenditures exceeding $100,000; (2) that under the federal Cable Communications Policy Act of 1984, 47 U.S.C. §§ 521-559, the City could not issue revenue bonds for a municipally-owned cable television system; (3) that the revenue bonds could not be issued because the bond issue had not been approved by referendum and would require the City to pledge ad valorem taxes to secure the bonds; (4) that the City abused its discretionary authority and acted arbitrarily and in bad faith in enacting and implementing the local bond-issue ordinance; and (5) that the City’s cable television project was neither necessary nor economically feasible. On the City’s oral motion, the trial court struck these affirmative defenses as collateral to a bond-validation proceeding.
*1354 The court entered its final judgment on August 5, 1987, approving the bond issue. In spite of its pretrial ruling striking Warner’s affirmative defenses, the court specifically found, among other things, that in adopting Ordinance No. 583, the City had complied with the procedural requirements of the two city charters; that the City had not violated the $100,000 restriction contained in the 1983 city charter; that revenues pledged by the issue did not involve a pledge of ad valorem taxes; that the City was fully authorized to pledge the revenues specified by Ordinance No. 583; that the City had ample additional non-ad valo-rem tax revenues that were not pledged to any bond issue; and that the City was lawfully authorized to engage in the project and was not precluded from issuing the bonds by the provisions of the federal cable television statute.
Warner appealed the final judgment to the Florida Supreme Court, challenging the trial court’s determination that the bond issue fulfilled a valid public purpose and that the City had met all legal and procedural requirements for validating the bonds. Warner also appealed the trial court’s striking of Warner’s affirmative defenses as being matters collateral to bond-validation review. The court affirmed the trial court’s judgment in all respects, concluding that the project served a public purpose, that the City had met all legal requirements for a bond issue, and that the struck affirmative defenses raised collateral issues that could be addressed by other courts in other cases, noting that Warner had, in fact, filed other lawsuits that were then pending. Warner I, 520 So.2d at 246 n. *.
(II) WARNER’S ACTION AGAINST THE CITY AND FIRST APPEAL
Indeed, after the trial court had struck Warner’s affirmative defenses in the bond-validation proceeding, and before Warner’s appeal to the supreme court, Warner had filed a seventeen-count complaint in circuit court challenging the City’s actions in relation to the cable television system. The complaint alleged, in part, those matters previously asserted as affirmative defenses. Warner subsequently voluntarily dismissed Counts II, X, XI, XII, and XIV. On June 3, 1988, in response to the City’s motion to dismiss, the circuit court dismissed all of the remaining counts: Counts III, VII, VIII, XIII, XV, and XVII, on the ground that they failed to state a cause of action; and Counts I, IV, V, VI, IX, and XV, on the ground of res judicata. The court dismissed Count XVI, based both on the grounds of res judicata and because Warner had failed to allege a violation of the Florida Anti-Trust Act of 1980, Section 542.16, Florida Statutes (1987).
Warner appealed the dismissal to this court, which affirmed in part, reversed in part, and remanded for further proceedings. Byrd, 541 So.2d 696. In a footnote, this court observed that the record on appeal neither contained Warner’s original answer in the bond-validation proceeding containing the affirmative defenses, nor the trial court’s order striking those affirmative defenses, nor a copy of the transcript of the proceedings. “Therefore, it is impossible for this Court to determine which issues were and were not litigated in that case beyond the face of the bond validation judgment in the trial court and the affirmance thereof in Warner Cable Communications.” Id. at 698 n. 1. The court further stated, “However, although we agree with the trial court’s assessment on the res judicata and collateral estoppel questions, due to a procedural impropriety, we cannot affirm [its] dismissal of the complaint at this stage.” Because the City had improperly raised the res-judicata defense by motion to dismiss, this court remanded the case to permit the City to reassert the defense in an answer and then file a motion for summary judgment. Id. at 698. Regarding the other arguments Warner raised, this court stated, “We have considered the remaining points raised by appellants and find them to be without merit.” [1] Id. at 699.
*1355 (III) PROCEEDINGS ON REMAND AND INSTANT APPEAL
Upon remand, the City filed an amended answer to all seventeen counts and alleged the affirmative defense of res judicata to Counts I, IY, Y, VI, IX, and XV. Warner replied to the affirmative defenses stating, among other things, that the City was es-topped from taking a position on the pending claims (that the claims were barred under the doctrine of res judicata) that was inconsistent with its prior position in the bond-validation proceeding and appeal, on which the City had prevailed (that the affirmative defenses raised collateral issues that could not be litigated in the bond-validation proceeding).
The City then moved for summary judgment on Counts I, IV, V, VI, IX, and XV on the ground of res judicata. Warner filed a cross-motion for summary judgment seeking dismissal of the City’s affirmative defenses. At oral argument on March 27, 1990, the trial court denied Warner’s motion for summary judgment and granted summary judgment in favor of the City on Counts I, IV, V, VI, and IX, based upon the theory of res judicata. The court separately dismissed Count XV for failure to state a cause of action. The court alternatively ruled that in the event the ruling on Count XV was found to have been erroneous, Count XV should be dismissed on the ground of res judicata. At the hearing, Warner requested leave to amend Count XV, which the court denied. Warner also asked the court to vacate a stay of discovery that had been imposed during the pendency of the motions for summary judgment. Warner claimed that the City had not directed any affirmative defense or dismissal motion to Count XVI, and that the City had answered that count therefore Warner sought to engage in discovery and to advance the claim raised in Count XVI to trial. By order dated April 26, 1990, the trial court denied the motion to vacate the stay, reasoning that “there are no remaining pending counts of the first amended complaint to be considered by the Court.” Warner now appeals the summary judgment and dismissal of Counts I, IV, V, VI, IX, XV, and XVI of its complaint.
We conclude that the trial court erred in barring Counts I, VI, IX, and XV[2] on the basis of res judicata. It is apparent from reading the numerous pleadings, motions, orders, and appellate opinions related to this ease, that Warner was placed in an untenable, Catch-22 position which has prevented it from obtaining a full hearing on a number of its claims. In the bond-validation proceeding, the City successfully moved the trial court to strike four of Warner’s affirmative defenses, and the supreme court affirmed, noting that Warner could raise these issues in a separate case. Warner did so, and in that separate case, that at bar, the City successfully argued that these same issues had already been litigated in the bond-validation proceeding. This is a classic example of a party taking a position in a lawsuit which is inconsistent with the position that party took in prior litigation, which works to the disadvantage of the opposing party. In such cases, such party is equitably estopped from asserting res judicata based upon the inconsistent position taken. Duval County Hosp. Auth. of Duval County v. Williams, 219 So.2d 732 (Fla. 1st DCA 1969); Wooten v. Rhodus, 470 So.2d 844 (Fla. 5th DCA 1985). Accord Grauer v. Occidental Life Ins. Co. of Calif., 363 So.2d 583 (Fla. 1st DCA 1978), cert. denied, 372 So.2d 468 (Fla.1979).
The City initially claims that the affirmative defenses Warner raised in the bond-validation proceeding are different from the issues that were litigated at such proceeding and later reasserted in Warner’s subsequent complaint. We do not agree. In its complaint in the case at bar, Warner made the following claims: (Count I) The City abused its discretion and legal authority, committed fraud, and acted in bad faith throughout the process by which it enacted Ordinance No. 583 (including the issues *1356 that the ordinance served no municipal purpose and requires a levy of ad valorem taxes); (Count VI) The City did not comply with its charters, which limited expenditures in excess of $100,000 absent referendum approval or emergency enactment; (Count IX) Ordinance No. 583 authorized the City to pledge guaranteed entitlement from its revenue sharing trust fund, contrary to law; (Count XV) The City violated the Federal Cable Communications Policy Act, and this act preempted local laws regarding cable systems; (Count XVI) The City unlawfully conspired with a cable television competitor for the purpose of interfering with Warner’s business and of giving an unfair competitive advantage. These issues, with the exception of that stated in Count XVI, are virtually indistinguishable from Warner’s affirmative defenses in the bond-validation proceeding, recited previously at page 1355.[3]
The City next claims that this court in Byrd essentially approved the trial court’s findings of res judicata, but for the necessity of remanding so that the City could raise the defense in its answer, thus implying that such approval is the law of the case. We disagree. On the contrary, under the doctrine of law of the case, questions of law previously decided on appeal must thereafter govern the case in subsequent stages of the proceeding, so long as the facts upon which the decision was based remain unchanged. Barry Hinnant, Inc. v. Spottswood, 481 So.2d 80 (Fla. 1st DCA 1986). In Byrd, this court did not have a sufficient record from which to decide the issue now before us.
Although this court stated in the Byrd opinion that “we agree with the trial court’s assessment on the res judicata and collateral estoppel questions,” Byrd, 541 So.2d at 698, the court also stated that it reached this conclusion only by comparing the bond-validation final judgment and Warner’s complaint in the case at bar; it did not have before it Warner’s answer with affirmative defenses in the bond-validation proceeding. Id. at 698 n. 1. Because the trial court had gratuitously addressed the merits of the struck defenses in the first final judgment, and Warner then raised them in its subsequent complaint, comparison of such judgment and complaint alone would justifiably lead one to conclude that the doctrine of res judicata applied. However, a reading of Warner’s affirmative defenses in the bond-validation proceeding and the supreme court’s opinion in Warner I affirming the first final judgment in which the defenses were struck, clarifies that the supreme court had already characterized these same issues as collateral.
The trial court should have rejected the City’s assertion of res judicata as to these issues in the case at bar. Warner provides in its brief a number of citations to the transcript of the bond-validation proceeding in which the trial court sustained the City’s objections regarding certain testimony, on the ground that such testimony was immaterial in light of the trial court’s ruling in limine striking Warner’s affirmative defenses and framing the particular issues to be addressed at the hearing. Specifically, the trial court had ruled that it would address only three issues in the proceeding, and the supreme court approved this in Warner in-
judicial inquiry in bond validation proceedings is sharply limited. It extends only to determining if a public body has the authority to issue the subject bonds and if the purpose of the bonds is legal and to ensuring that the bond issue complies with all legal requirements. Lodwick v. School District of Palm Beach County, 506 So.2d 407 (Fla.1987); Taylor v. Lee County, 498 So.2d 424 (Fla.1986). Other matters are collateral to a bond issuance and will not be addressed in a validation proceeding. Zedeck v. Indian Trace Community Development Dist., 428 So.2d 647 (Fla.1983).
*1357 Id. at 246. Although the City points to other testimony in the initial proceeding in which some portions of the disputed issues were addressed, this does not erase the fact that Warner was bound by the pretrial order striking its affirmative defenses, therefore it would not have been prepared to adequately address these issues in the one-day hearing.[4] Accordingly, we reverse the order of summary judgment as it pertains to Counts I, VI, IX, and XV.
The City also claims that the doctrine of res judicata is statutorily encompassed by Section 75.09, Florida Statutes (1989), thus Warner’s claims were barred pursuant to that statute. That statute provides, regarding the effect of a final judgment in a bond-validation proceeding:
If the judgment validates such bonds, certificates or other obligations ... and no appeal is taken within the time prescribed, or if taken and the judgment is affirmed, such judgment is forever conclusive as to all matters adjudicated against plaintiff and all parties affected thereby ... and all others having or claiming any right, title or interest in property to be affected by the issuance of said bonds, certificates or other obligations, or to be affected in any way thereby, and the validity of said bonds, certificates or other obligations or of any taxes, assessments or revenues pledged for the payment thereof, or of the proceedings authorizing the issuance thereof, including any remedies provided for their collection, shall never be called in question in any court by any person or party.
§ 75.09, Fla.Stat. (1989). However, in Warner I, the supreme court affirmed the final judgment only insofar as it pertained to the narrow issues appropriate to a bond-validation proceeding. We conclude that section 75.09 precludes any relitigation of those narrow issues, but has no bearing on issues ruled by the supreme court to have been collateral and not properly heard in such hearing. The trial court was correct, therefore, in ruling that Counts IV and V of Warner’s amended complaint are barred by the doctrine of res judicata. Under Count IV of the amended complaint, Warner alleged that the City did not file its 1983 charter with the Department of State pursuant to Florida law; thus Ordinance No. 583 was invalid because it was enacted pursuant to that charter. In Count V, Warner alleged that under the 1955 charter, the City did not have the authority to adopt Ordinance No. 583. Each of these allegations goes to the issue of whether the City had the authority to issue the subject bonds, one of the issues which the supreme court stated in Warner I was properly addressed in a bond-validation proceeding. Neither of these issues was included in any of Warner’s struck affirmative defenses in the first action. The supreme court affirmed the trial court’s approval of the bond issue, therefore, section 75.09 bars Warner from raising either of the issues included in Counts IV and V.
We now turn to Count XV of Warner’s complaint. Warner contended in that count that the City had failed to comply with the Federal Communications Act, and that the Act preempts Florida from regulating this area. In its previous order granting the City’s motion to dismiss, the trial court dismissed Count XV on two alternative grounds: res judicata and failure to state a cause of action. When Warner appealed that order and obtained a remand from this court in Byrd, it only appealed the trial court’s dismissal of this count on res judicata grounds, and did not challenge the ruling that Count XV failed to state a cause of action. This court affirmed all aspects of the trial court’s order except the res-judicata finding, as to which it held, “We have considered the remaining points raised by appellants [Warner] and find them to be without merit.” Byrd, 541 So.2d at 699. Therefore, under the doctrine of the law of the case, we conclude that this court has already affirmed the trial court’s finding that federal law does not preempt state law in this area.
Notwithstanding our decision regarding the law of the case, we consider that War *1358 ner should have been permitted to amend Count XY, which it unsucessfully requested at the summary judgment hearing. The City contends that amendment is not permitted on remand unless the appellate court has authorized amendment in its opinion, citing Don Suntan Corp. v. Tanning Research Laboratories, Inc., 505 So.2d 35 (Fla. 5th DCA 1987). As stated in that case,
In order to prevent later events in the trial court from circumventing or “mooting” the binding aspect of an appellate adjudication, the general rule is that once an appeal has been taken, the decision on appeal becomes “the law of the case” and, on remand, amendments to the pleadings cannot be made to present new and different issues of fact or law unless the appellate court in its opinion has authorized such amendments.
Id. at 36. Accord Dober v. Worrell, 401 So.2d 1322, 1324 (Fla.1981). This court in Byrd did not authorize any amendment to Warner’s complaint.
Nevertheless, a motion to amend after remand is treated differently once a remanding court has concluded that a plaintiff failed to state a cause of action. Wells Fargo Armored Servs. Corp. v. Sunshine Sec. & Detective Agency, Inc., 575 So.2d 179 (Fla.1991). In the final judgment here on appeal, the trial court held that Warner failed to state a cause of action in Count XV or, in the alternative, that this issue was already litigated in the first proceeding. Because we reject the trial court’s finding of res judicata, the trial court's alternative ground remains: dismissal for failure to state a cause of action. The law of the case does apply to a situation in which a plaintiff does not opt to amend, and an appellate court is presented with the same complaint that it previously concluded had failed to state a cause of action. Therefore, although the law of the case would warrant affirmance of Warner’s ^amended Count XV, on remand, Warner should be given leave to amend unless Warner has abused the privilege or Count XV is clearly not amendable. Id. at 181 (Grimes, J., concurring). The City does not address the merits of Warner’s argument on this issue; it only raises the Don Suntan principle. Therefore, the City has not provided any reasons for denying leave to amend. Warner has amended its complaint only once, thus it has not abused the privilege to amend. We leave it to the trial court to determine whether Count XV is amendable.[5]
Finally, Warner claims that Count XVI is still pending and that the trial court erred in refusing to permit discovery on this count. We agree. In the City’s motion for summary judgment at issue in this appeal, the City asked for and obtained summary judgment against Warner on Counts I, IV, V, VI, IX, and XV, but not Count XVI. In the trial court’s previous order of dismissal of June 3, 1988, Count XVI was dismissed on the ground of res judicata, and when this portion of the order was reversed by Byrd, the City was required to answer and raise the affirmative defense of res judicata to this count, which it did not. The City did not seek dismissal or summary judgment of this count after remand. Therefore, Count XVI remains pending.
In conclusion, we AFFIRM the dismissal of Counts IV and V; REVERSE the finding of res judicata and the dismissal of Counts I, VI, IX, and XVI; REVERSE the denial of Warner’s motion to amend Count XV; and REMAND for further proceedings consistent with this opinion.
NIMMONS and ZEHMER, JJ., concur.

. The parties agree that dismissal of Counts III, VII, VIII, XIII, and XVII was affirmed by this statement.

. We hold later in this opinion that Count XV, as it is currently framed, is nevertheless barred from reconsideration pursuant to the law of the case, but that Warner should have been given leave to amend this count.

. Indeed, when Warner appealed the bond-validation judgment to the Florida Supreme Court and alleged that the trial court had erred in striking its affirmative defenses, the supreme court affirmed, noting that the affirmative defenses Warner raised included, "among other things, the economic and fiscal feasibility of a municipally owned cable project, the necessity for such a project, and the applicability of federal cable law.” Warner I, 520 So.2d at 246.

. It is true that the supreme court did not mention in its opinion in Warner I that the trial court gratuitously ruled on the very issues it had held to be collateral. Nevertheless, the supreme court affirmed the finding that the affirmative defenses were collateral.

. We note that the trial court's initial finding regarding Count XV, which this court affirmed in Byrd, can be read as stating that Count XV is simply not amendable. The trial court initially held that "a reading of Ordinance No. 583 does not reveal any areas where the plaintiffs have been regulated thereby. Therefore, preemption of federal regulations cannot exist as a matter of law.” However, because the City does not address the merits of this issue, and because Warner does not indicate how it would amend Count XV, we do not reach the issue of whether Count XV is amendable.