STEVENSON, Judge.
Appellant, Patti Manly, appeals her judgment and sentence for resisting arrest with violence and battery on a law enforcement officer. Because the trial court erred in admitting collateral crime testimony prohibited by the Williams rule, we reverse. Williams v. State, 110 So.2d 654 (Fla.1959).
We agree with appellant that the trial court committed reversible error when it allowed a minor child to testify over objection that sometime before trial, appellant called him on the telephone and threatened *143 him. The child’s exact testimony was, “she told me [that] if she went to jail that I’d pay ‘you little Evidence of harassment or intimidation is inadmissible if its only purpose is to show that a defendant attempted to prevent a person from testifying. In these situations, the evidence of the collateral crime or bad act is not relevant to proving any element of the crime charged. See, e.g., Fulton v. State, 523 So.2d 1197 (Fla. 2d DCA 1988), review denied, 581 So.2d 1355 (Fla. 1988); St. Louis v. State, 584 So.2d 180 (Fla. 4th DCA 1991).
The state argues that the testimony regarding the threat went “directly to the ultimate issue of guilt” in addition to qualifying as an “admission” and a “statement against interest” under sections 90.803(18)(a) and 90.-804(2)(c), Florida Statutes (1993). We find the state’s arguments unpersuasive because in threatening the witness, appellant never stated or intimated that she was guilty of the crime charged. Further, the statement standing alone does not imply guilt and no reasonable jury could infer guilt therefrom. See State v. Lamar, 538 So.2d 548 (Fla. 3d DCA 1989) (a statement can be considered an admission only if one can infer guilt from the statement itself).
We also reject the state’s alternative argument that even if improperly admitted, the error was harmless. While it is true that there was sufficient evidence to support appellant’s conviction, there was also testimony upon which the jury could have relied to return a verdict of not guilty. The credibility of appellant was crucial. From the introducing of the evidence of a collateral crime or bad act, the jury could have inferred that appellant was simply a “bad” person. As a result, the testimony could have contributed to the jury’s verdict of guilt.
We have carefully examined the remaining points raised on appeal and find no error. Accordingly, appellant’s conviction is reversed, the sentence vacated, and the ease remanded for a new trial.
GUNTHER and KLEIN, JJ., concur.