697 So.2d 228 (1997)
Paul Wesley JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1571.
District Court of Appeal of Florida, Fourth District.
July 30, 1997.
*229 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
EN BANC.
STEVENSON, Judge.
Appellant, Paul Wesley Jenkins, was tried by jury and convicted of first degree murder. We affirm the conviction, but write to address appellant's claim that the trial court erred in admitting testimony that appellant threatened an eye-witness to the crime to keep him from testifying at trial.
Jenkins had an affair with Robert Dowling's wife, which Dowling found out about. Dowling confronted appellant and was shot and killed. Jason Roberts, a friend and coworker of appellant's, witnessed the shooting. Jenkins testified at trial and claimed selfdefense. Roberts testified that as he and Jenkins were leaving the scene of the shooting Jenkins pointed the gun at him and threatened to kill him and his grandmother if he said anything.
Appellant contends that the alleged threat to Roberts is evidence of an irrelevant collateral bad act and, as such, is prohibited by the so-called "Williams' Rule," which provides in part that
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue ... but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.[1]
Jenkins maintains that the alleged threat made to Roberts was irrelevant to the murder prosecution and only tended to show bad character. We disagree and find that the trial court did not err in allowing this testimony.
The Florida Supreme Court has held that a defendant's direct threat against a witness is relevant and may be admitted into evidence because it could be indicative of the defendant's guilt of the underlying offense. For example, in Heath v. State, 648 So.2d 660 (Fla.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 2618, 132 L.Ed.2d 860 (1995), the defendant sought to prevent a cellmate from testifying that he had stated his desire to kill the only two witnesses to his crime, but the supreme court held that such evidence was admissible. In reaching its decision, the court stated:
Evidence that a suspected person in any manner endeavors to evade a threatened prosecution by any ex post facto indication of a desire to evade prosecution is admissible against the accused where the relevance of such evidence is based on consciousness of guilt inferred from such actions. (citation omitted). Moreover, a defendant's attempt to intimidate a state witness is relevant and admissible.
Heath, 648 So.2d at 664. See also Lindsey v. State, 636 So.2d 1327, 1328 (Fla.), cert. denied, 513 U.S. 972, 115 S.Ct. 444, 130 L.Ed.2d 354 (1994)(holding that threats against a witness are admissible to show defendant's guilt if the state proves the defendant made the threats); Koon v. State, 513 So.2d 1253, 1255-56 (Fla.1987), cert. denied, 485 U.S. 943, 108 S.Ct. 1124, 99 L.Ed.2d 284 (1988)(holding that evidence of threats made against witnesses is admissible to prove guilt where the threats are shown to be attributable to the defendant); Goodman v. State, 418 So.2d 308 (Fla. 1st DCA 1982), review denied, 427 So.2d 736 (Fla.1983)(holding that defendant's statement to witness that "he should think hard on his testimony at trial because it could cause trouble for his wife and relatives" was admissible on issue of defendant's guilt).
Returning to the instant case, the jury could have considered Jenkins' threat against an eye-witness to the crime probative of Jenkins' consciousness of guilt. For the same reason, evidence of the threat was properly admissible to rebut appellant's claim that he acted in self defense. Although the State introduced evidence of the threat in its rebuttal case after Jenkins had denied that he *230 made it, this same evidence was properly admissible in the State's case in chief.[2] We hasten to add, however, that the admission of such evidence is still subject to Florida Rule of Evidence section 90.403, and may be excluded in a particular case if the probative value is substantially outweighed by unfair prejudice.
AFFIRMED.
STONE, C.J., and GLICKSTEIN, DELL, GUNTHER, WARNER, POLEN, KLEIN, PARIENTE, SHAHOOD and GROSS, JJ., concur.
FARMER, J., specially concurs with opinion.
FARMER, Judge, concurring specially.
I agree with the affirmance but write only to make clear that the evidence regarding the threat to the witness was properly admissible to show premeditation and also to rebut the defendant's claim of self defense. In other words, it was relevant for those reasons and was therefore not made inadmissible as tending to show only that the accused was a bad or violent person. On that basis I join in the affirmance.
NOTES
[1] Section 90.404(2)(a), Fla. Stat. (1995).
[2] To the extent that Manly v. State, 640 So.2d 142, 143 (Fla. 4th DCA 1994), suggests that threats made against a witness by a defendant are inadmissible to demonstrate the defendant's guilt, we recede from its holding.