PER CURIAM.
The trial court dismissed Valerie Britt’s complaint, finding that Britt failed to establish her standing. The trial court never reached the merits of this issue; instead, the court relied on the doctrine of res judicata raised by appellees in a motion to dismiss. The dismissal order is fatally defective because a defendant generally cannot raise the defense of res judicata for the first time in a motion to dismiss. See Byrd v. City of Niceville, 541 So.2d 696, 698 (Fla. 1st DCA 1989) (holding that “[t]he issue of res judicata is an affirmative defense, and affirmative defenses cannot be raised in a motion to dismiss unless the allegations of a prior pleading in the case demonstrate their existence”); Holley v. Universal Rental Props., Inc., 416 So.2d 861, 861 (Fla. 1st DCA 1982) (holding that ‘Tilt is settled law that where the defense *258 of res judicata does not appear on the face of the pleading, it may not be raised on a motion to dismiss, but must be plead and proved as an affirmative defense”). No exception to the general rule applies here.
REVERSED and REMANDED for further proceedings.
BOOTH, MINER and KAHN, JJ„ concur.